WM. H. ELLIOTT, Appellant, v. F. S. BLACK et al., Respondents.

1. *Replevin — Justice's court — Frame building — Jurisdiction.*— An action in replevin before a justice of the peace for the recovery of a "frame building" is not bad on its face for want of jurisdiction. Whether the building was attached to the realty and constituted a part of it, so as to be the subject of an action in ejectment, or was a mere personal chattel, was a point to be settled by the evidence.

2. *Replevin — Dismissal — Suit on return bond — Damages — Justice's court.* — When the complainant in a replevin suit fails to prosecute the same to a successful issue, that failure constitutes a breach of the condition of his return bond, and warrants a suit upon it, although there may have been no judgment in the replevin suit either for damages or a return of the property; and this is true whether the suit originated before a justice or the Circuit Court.

## *Appeal from Fourth District Court.*

*Burgess & Mullins*, for appellant.

I. The court having failed to assess the damages when the suit in replevin was dismissed, or to render judgment for the return of the property, the defendant in that action and the plaintiff in this was entitled to judgment on the bond for all damages sustained. (Berghoff v. Heckwolf, 26 Mo. 511 ; Reed v. Wilson, 13 Mo. 28 ; Smith v. Winston, 10 Mo. 299.)

II. There is nothing on the face of the petition which shows that the justice did not have jurisdiction of the cause. It was a question of proof as to whether the frame building was real or personal property.

*G. W. Easley*, for respondent

CURRIER, Judge, delivered the opinion of the court.

This is a suit on a return bond executed by the defendants in a replevin suit then pending before a justice of the peace. That suit was taken by appeal to the Circuit Court, and there dismissed ; whereupon the defendant therein (the plaintiff here) instituted the present proceedings upon the replevin bond. At the trial of the present suit in the Circuit Court, the plaintiff offered to read in evidence the bond sued on. It was objected to by the defendants, and excluded by the court, on the ground that the justice before whom the replevin suit was brought, and in which the bond was given, had no jurisdiction of the action. For the same reason all the other evidence offered by the plaintiff was objected to and excluded — the court, in effect, holding that the plaintiff's petition disclosed no cause of action. The District Court took the same view of the matter, and the plaintiff brings the case here by appeal. I have searched the record in

vain to ascertain upon what specific ground it was held that the justice had no jurisdiction of the replevin suit. The record and the defendants' brief are equally silent on the subject. The pleadings show that the replevin suit was brought to recover possession, as of a personal chattel, of a "frame building" of the alleged value of seventy-five dollars. That amount is not in excess of a justice's jurisdiction in such cases. (Gen. Stat. 1865, p. 697, § 3.) But it would seem to have been supposed that the terms "frame building" *ex vi termini*, imported real estate, and that the suit for the recovery of the building should, therefore, have been brought in ejectment, and before a higher court. Whether the building was attached to the realty and constituted a part of it, or was a mere personal chattel, was a point to be settled by the evidence, and not by an examination of the pleadings; for the pleadings, beyond the designation of the property sued for, as a frame building worth seventy-five dollars, disclosed nothing on the subject. It does not follow from the circumstance that the property sued for was a building, that it was therefore real estate. A building may be either real or personal property, according to the uses to which it is applied, whether permanent or temporary in its character, and according to the purposes intended to be subserved by it. The petition discloses nothing that should oust the justice of his jurisdiction.

Where the complainant in a replevin suit fails to prosecute his suit to a successful issue, that failure constitutes a breach of the conditions of his return bond, and warrants a suit upon it, although there may have been no judgment in the replevin suit, either for damage or a return of the property. (Berghoff v. Heckwolf, 26 Mo. 511; Hansard v. Reed, 29 Mo. 472.) Nor is it perceived that there is a distinction, in this respect, between suits originating before a justice and those which are brought to the Circuit Court in the first instance.

The other judges concurring, the judgment will be reversed and the cause remanded.