## A. W. LITTLE v. W. H. BLISS.

1. REPLEVIN—*Dismissal—Action on Bond.* Upon the dismissal of a replevin action at the costs of the plaintiff, if the defendant does not seek a trial and judgment under the provisions of § 184 of the civil code, he is not thereby precluded of his full remedy upon the bond.

2. DAMAGES—*Measure of Recovery.* Where the bond in a replevin action, executed by the plaintiff with sureties, provides that the plaintiff "shall duly prosecute the action," the defendant is entitled to recover all the damages he has sustained upon a breach of that condition.

3. ——— *Nominal Damages Only.* The amount of damages in an action on a replevin bond depends materially on the right of the plaintiff to the property. If the plaintiff in a replevin action fails to prosecute the same, and it is not determined in that case that the right of possession of the property belongs to the defendant, then, in an action on the bond, if it appears that the plaintiff (defendant in replevin) had no title or right of possession to the property when the replevin action was commenced and dismissed, he has sustained only nominal damages, and can recover only such damages.

*Error from Wyandotte District Court.*

W. H. BLISS commenced his action against *A. W. Little* on the 28th day of July, 1890, alleging in his petition that on August 21, 1889, he was the owner

and in peaceable possession of certain personal property; that Cornelia Mackey, falsely pretending he was indebted to her in a large sum, to wit, $237, and that the same was secured by mortgage on the property, on August 21, 1889, demanded possession of the same from him, which he refused to comply with; that thereupon she commenced an action in replevin against him in the district court of Wyandotte county for the possession of the property; that she and plaintiff executed a replevin bond in the usual form; that the property was taken from him by the sheriff and delivered to Mrs. Mackey; that the action stood regularly for trial; that on December 16, 1889, it was dismissed for want of prosecution, Mrs. Mackey not appearing; that judgment was rendered against her for the costs; that since the action was dismissed Mrs. Mackey has not returned the property to him, nor paid him the value thereof, and praying judgment for $4,039, with costs. On August 18, 1890, defendant answered the petition, denying each and every allegation not expressly admitted. The answer admitted, however, the execution of the replevin bond; that the action brought by Mrs. Mackey was dismissed by the court in the absence of herself and her attorneys, and that judgment was rendered against her for costs; that she did not return the property, nor pay the value thereof; and the allegation was added that she had paid all the costs, and that neither the title to the property nor the right of possession was adjudicated in her action, nor any return of the property awarded to Bliss. Defendant further alleged in his answer that Bliss, on April 8, 1889, for value received, executed and delivered his promissory note to Mrs. Mackey, payable one month after date, in the sum of $237, with interest thereon from maturity at

the rate of 10 per cent. per annum ; that the note was executed in and payable at Kansas City, in the state of Missouri ; that a copy of the note was attached to the answer as a part thereof ; that to secure the payment of the note, Bliss mortgaged to Mrs. Mackey all of the personal property mentioned in the petition ; that a copy of the mortgage was attached to the answer as a part thereof ; that the mortgage provided, if the indebtedness should not be paid according to the terms of the note, Mrs. Mackey might take possession of the mortgaged property and remove and sell the same in any manner she should think fit, and out of the proceeds pay the amount then due on the note, $45 attorneys' fees, and all necessary costs of taking and caring for the property. It was also alleged that on August 21, 1889, the mortgage indebtedness was past due ; that Bliss then owed Mrs. Mackey thereon $237, with interest from July 8, 1889 ; that Mrs. Mackey, on August 21, 1889, and several times prior and subsequent to July 8, 1889, demanded of Bliss the possession of the property, which he refused ; and that by reason of the premises she was, at the date of the commencement of the replevin action, entitled to the possession of the property to sell and dispose of it to satisfy the mortgage indebtedness and expense of sale ; that the replevin action was based on the note and mortgage ; that after obtaining possession of the property in the replevin action, Mrs. Mackey caused the same to be sold under and by virtue of the chattel mortgage for the best price that could be obtained in Kansas City, and that the same brought $198 only. There were other allegations in the answer relating to the dismissal of the replevin action, and abandonment by Bliss of his demand in the action for trial of right of property or for any

order for return to him of the property. Plaintiff filed no reply to this answer because, as stated by his attorney on the trial, he did not consider a reply necessary.

Trial had November 7, 1890, before the court with a jury. The jury returned a general verdict for the plaintiff for $154.34, and also special findings of fact. The defendant moved the court to render judgment in his favor upon the pleadings and special findings for nominal damages only. This motion was overruled. Defendant filed his motion to set aside the judgment, for various grounds therein stated, which was also overruled. Subsequently judgment was rendered upon the verdict for the plaintiff for $154.34. The defendant excepted, and brings the case here.

*Muckle & Winn,* for plaintiff in error.

The opinion of the court was delivered by

HORTON, C. J. : Upon the trial it was conceded, and the jury were instructed, that the note and mortgage were executed by W. H. Bliss to Mrs. C. Mackey on the 8th of April, 1890. The note was for $237, payable May 8, 1889, with 10 per cent. interest after maturity. The mortgage to secure the note contained the following provisions :

"The party of the first part [ W. H. Bliss ] hereby agrees to keep the property constantly insured for the benefit of the second party [ Mrs. Mackey ] ; and if the note or any part of the same, or any interest thereon, shall not be paid according to the terms thereof; or if the goods and chattels or any of them shall not in the opinion of the party of the second part be properly cared for or shall in the opinion of the party second part become deteriorated or damaged, or if the same or any part thereof shall be removed or sold, or any interest therein be in any manner disposed of, or

any attempt be made to remove or sell the same or any part thereof by the party of the first part or any other person ; or if anyone shall levy on said goods and chattels or any part thereof, then, and in any of the above events, all of the note not then paid shall become immediately due and payable, and the party of the second part, or her heirs, executors, administrators, assigns or authorized agents, may enter upon the premises where the goods and chattels may be found and take possession of the same, and may remove, sell and dispose of all the property or any part thereof in any manner they shall think fit without notice to anyone, and out of the proceeds thereof pay the amount then due on the note, together with $45 attorneys' fees, and shall also pay out of the proceeds of the sale all the necessary costs incurred in pursuing, searching for, taking, removing, keeping, storing and selling the property, and may pay all the liens thereon having precedence over this mortgage ; and shall pay the remainder, if any, to the party of the first part or his legal representatives.''

The jury allowed Bliss, as the value of the property, $273. They found there was due Mrs. Mackey, when the replevin suit was commenced, $129.09. Under the instructions of the court, they deducted this $129.09 from $273, leaving $143.91, to which they added interest thereon, at the rate of 6 per cent. per annum, from August 22, 1889, making $154.34, the amount of the general verdict.

Under the conceded facts and the findings of the jury, when Mrs. Mackey brought her action on the 21st of August, 1889, to recover possession of the goods and chattels in controversy, she was entitled, under her mortgage, to the possession of the same. On December 16, 1889, when the replevin action was called for trial, Mrs. Mackey was also entitled, under her mortgage, to the possession of the property. It appears when the case was called W. H. Bliss was

present by his attorney, but neither Mrs. Mackey nor her attorneys appeared. Thereupon the case was dismissed, and the costs taxed to her. These she paid. When the replevin action was dismissed, Bliss, under the provisions of § 184 of the civil code, might have demanded that the court proceed to inquire into the right of property, and the right·of his possession thereto. This ·was not done. The replevin case was not tried upon its merits. Bliss failed· to claim a return of the property, and only a judgment for costs was rendered. Notwithstanding the dismissal, Bliss was not precluded of his full remedy upon the bond. One of the conditions of the bond was that the plaintiff "shall duly prosecute the action." This is a separate and independent condition. Upon breach of that condition, Bliss was entitled to recover all the damages he had sustained. (*Manning v. Manning*, 26 Kas. 98.) As Bliss was indebted to Mrs. Mackey upon his note, secured by the mortgage for about $130, she was entitled to the possession of the property at the time her action was dismissed. The amount of damages in an action on a replevin bond must depend materially upon the right of the plaintiff bringing his action to the property. But, as it appears the plaintiff had no legal title or right of possession to the property, he sustained no actual damages by the refusal of Mrs. Mackey to deliver the same to him. Cobbey on the Law of Replevin ( § 1355 ) states the rule thus :

1. Replevin—dismissal—action on bond.

2. Damages—measure of recovery.

" Where the defendant had no title, he can only recover nominal damages on the bond. In an action by the obligees against the obligors in a replevin bond, where the title to the property was not determined in the replevin action, and the title thereto and the right of posses-

3. Nominal damages only.

sion are in a person other than the obligees, they are only entitled to nominal damages.'' (*Brookover v. Esterly*, 12 Kas. 149 ; Wells, Rep., p. 254, § 458 ; 2 Suth. Dam. 46 ; *Smith v. Whiting*, 100 Mass. 122.)

On August 6, 1890, the defendant below offered in writing to confess judgment for $1. and costs. As plaintiff was entitled to judgment on the bond for nominal damages only, he can recover no costs since the date of that offer. It ought to be observed that the plaintiff below has not appeared in this court by brief or otherwise.

Judgment of the district court will be reversed, and the cause remanded with direction to that court to render judgment upon the findings of fact in favor of plaintiff below for $1, and the costs accruing to August 6, 1890. The subsequent costs will be taxed against him.

All the Justices concurring.