(May 11, 1895.)

## STATE v. McDONALD.

[40 Pac. 312.]

OFFICIAL BOND—FAILURE OF PRINCIPAL TO SIGN—LIABILITY.—The omission of the sheriff to sign his official bond did not release him from any liability arising under the conditions of the bond, nor did such omission release the sureties.

SAME.—The failure of the sheriff to sign such bond (it being joint and several) did not invalidate the bond.

RECITALS IN BOND—SURETIES ESTOPPED FROM DENYING.—The surety is estopped from denying any fact recited in the bond when by such denial he seeks to avoid the bond in an action between the parties to the bond.

COLLECTION OF LICENSES—SHERIFF'S DUTY.—The collection of licenses is made the duty of the sheriff by law, and the bond sued on is conditioned on the faithful discharge of all duties required of him by law.

PRACTICE—REQUISITE STATEMENTS IN COMPLAINT.—In a suit of this kind it is not necessary to state in the complaint the various items of defalcation separately.

SAME—JOINT AND SEVERAL BOND—WHO MAY BE SUED.—In an action on a joint and several bond, all or any of the sureties may be sued.

JUSTIFICATION OF SURETY.—The fact that a surety did not justify will not release him from liability if the bond has been accepted without such justification.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

George M. Parsons, Attorney General, for the State.

Cunningham was appointed to the office of sheriff; the bond sued on recites that he was elected. It is true that he was elected, and it is also true that he was appointed, and that the bond sued on was given by him as sheriff in pursuance of said appointment. Defendants cannot avoid their obligation because of the recital that Cunningham was "elected"; they are estopped from denying any fact recited in the bond, when by such denial they seek to avoid the bond in an action between the parties to the bond. (Murfree on Official Bonds, sec. 133; *Shaw v. McCullough*, 3 W. Va. 260, 261; Bigelow on Estoppel,

p. 355, note 5, p. 361, notes 3, 4; *Reed v. McCourt,* 41 N. Y.
435-438; *Horn v. Whittier,* 6 N. H. 88, 94; *Moore v. Graves,* 3
N. H. 408, 413.)    The law as it exists when a bond is exe-
cuted, is part of the bond.   (Murfree on Official Bonds, sec.
193; *United States v. Gaussen,* 2 Wood C. C. 92-99, Fed. Cas.
No. 15,192; *People v. Vilas,* 35 N. Y. 459, 91 Am. Dec. 58;
*Worth v. Cox,* 89 N. C. 44; *Prairie v. Worth,* 78 N. C. 169.)
The sheriff must perform such other duties as are required of
him by law.   (Rev. Stats., sec. 1888.)    The sheriff shall col-
lect county and state licenses.   (Rev. Stats., sec. 2157.)    The
failure of Cunningham to sign as principal, does not invalidate
the bond.   (*State v. Peck,* 53 Me. 284-299; *United States v.
Hudson,* 10 Wall. 395-409; *Kurtz v. Forquer,* 94 Cal. 91, 29
Pac. 413; 7 Lawson's Rights, Remedies and Practice, sec. 3805;
Murfree on Official Bonds, secs. 9-168, 248, 251; *City of Los
Angeles v. Mellus,* 59 Cal. 444; *People v. Slocum,* 1 Idaho, 62.)
The officer is presumed to have the amount charged to him, and
the burden is on the sureties to show that he has not.   (*Bruce
v. United States,* 17 How. 437-443; *United States v. Stone,* 106
U. S. 525, 1 Sup. Ct. Rep. 287; *United States v. Eckford,* 1
How. 250, 14 Curt. 592; 2 Am. & Eng. Ency. of Law, 4661,
note 1.)    Where obligors bind themselves jointly and severally
in specific sums therein designated, they may all be joined in
the action, but the judgment should be separate.   (*People v.
Edwards,* 9 Cal. 287; *People v. Love,* 25 Cal. 520; *People v.
Stacy,* 74 Cal. 373, 375, 376, 16 Pac. 192.)    The filing of the
bond was a delivery.   (*Sacramento Co. v. Bird,* 31 Cal. 66.)

Hagan & Beale and W. W. Woods, for Respondents.

Mr. Justice Story, in *Miller v. Stewart,* reported in 9 Wheat.
234 (703), says: "Nothing can be clearer, both upon principle
and authority, than the doctrine that the liability of a surety is
not to be extended by implication beyond the terms of his
contract.   To the extent, and in the manner, and under the
circumstances pointed out in his obligation, he is bound, and no
further.   It is not sufficient that he may sustain no injury by
a change in the contract, or that it may even be for his benefit.

He has a right to stand upon the very terms of his contract; and if he does not assent to any variation of it, and a variation is made, it is fatal." Section 396 of the Revised Statutes provides that the bond must be signed by the principal with at least two sureties. It could not be in contemplation of the sureties, under the law as it existed at the time the bond in this action was given, that such bond should be delivered until signed by the principal. (*People v. Hartley,* 21 Cal. 585, 82 Am. Dec. 758, and note; *City of Sacramento v. Dunlap,* 14 Cal. 423; *Mendocino County v Morris,* 32 Cal. 145.) There was no bond given by the late Sheriff Cunningham in accordance with the statute. This bond is given as sheriff, and the complaint shows that this action is brought against the sheriff in his capacity as license collector. (*People v. Ross,* 38 Cal. 76; *Johnston v. Kimball Township,* 39 Mich. 187, 33 Am. Rep. 372; *Bunn v. Jetmore,* 70 Mo. 228, 35 Am. Rep. 425; *Russell v. Annable,* 109 Mass. 72, 12 Am. Rep. 665; *Ward v. Washburn,* 2 Pick. 24; *Bean v. Parker,* 17 Mass. 591.)

SULLIVAN, J.—This is an action to recover on an official bond. One Richard A. Cunningham was elected sheriff of Shoshone county on the first day of October, 1890, and on November 26, 1890, filed his official bond. Thereafter a question was raised as to the validity of his acts as sheriff, on the ground that he had failed to qualify as sheriff within thirty days after his election. To avoid any complications that might in the future arise by reason of that fact, Cunningham was appointed sheriff of said county by the governor of the state, and on the suggestion of the board of county commissioners he filed another bond, on the 18th of March, 1891. Said bond was duly approved by said board. Subsequent to the filing of said bond, the said sheriff collected and received for licenses $7,303.05, and also collected for the use and benefit of said county fees in civil cases amounting to $754.75. No part of either of said sums has he ever paid to said county or to the state of Idaho. The complaint alleges the entry of said Cunningham into said sheriff's office, his giving the bond sued on, his collection of public moneys, and his failure to pay the same over as required

by law or at all; and prays for judgment against the bondsmen for the sums so collected, with interest and costs.  To the complaint several demurrers were interposed, one of which was joined in by several of the defendants, and others by separate defendants.  The court sustained the several demurrers.  Thereupon the plaintiff refused to amend, and judgment was entered dismissing the action, and for costs against the state.  This appeal is from the judgment.

The first point made by the demurrers is that the complaint does not state facts sufficient to constitute a cause of action.  The complaint alleges the election and appointment of the said Cunningham to said office, and his entry upon the duties of said office; also that he gave an official bond conditioned upon the faithful performance and discharge of all duties required of him by law as such sheriff, with the defendants as sureties thereon; that as part of such duties he collected certain license taxes and fees, which belonged to the county and state, and failed and refused to pay the same over as by law required.  The complaint states a cause of action, without ambiguity or uncertainty.

It is contended by respondents that section 396 of the Revised Statutes provides that the bond must be. signed by the principal and at least two sureties, and, as the bond sued on was not signed by the principal, it is void for that reason.  The bond recites the fact that said Cunningham, as principal, and the defendants, as sureties, are jointly bound unto the state of Idaho, etc.  The omission of the principal to sign the bond did not release him from any liability arising under the terms of the bond, nor would such omission release the sureties.  The failure of Cunningham to sign as principal does not invalidate the bond.  (*People v. Slocum,* 1 Idaho, 62; *Kurtz v. Froquer,* 94 Cal. 91, 29 Pac. 413.)  A fact which must be borne in mind is that the bond is joint and several.

The bond sued on recites that Cunningham was elected, when it is contended it was given in pursuance of the appointment of the governor.  The misrecital in that regard (if it is a misrecital) is not sufficient to avoid the bond and release the sureties.  The clear intention of the sureties was to give a bond

for the faithful performance of all duties required of Cunningham as sheriff, and they cannot escape liability by such a trivial technicality as that mentioned. And further, the plain rule of law is that the surety is estopped from denying any fact recited in the bond, when, by such denial, he seeks to avoid liability in an action between the parties to the bond. (Murfree on Official Bonds, sec. 133, and authorities there cited, also, sec. 9; Bigelow on Estoppel, 4th ed., p. 355, note 5, p. 361, notes 3, 4; *People v. Love,* 25 Cal. 251.)

The next contention is that the bond was given on Cunningham's behalf as sheriff, and not as license or tax collector. The law makes it the duty of the sheriff to collect and pay over county and state licenses. (Rev. Stats., sec. 2157.) The bond is conditioned on the faithful performance and discharge of all duties required of the sheriff by law. There is nothing in this contention. (Murfree on Official Bonds, sec. 193.)

The complaint clearly indicates that this action is upon the bond filed March 18, 1891. There is nothing in the point made by the demurrer as to misjoinder of causes of action. The several items of defalcation need not be separately averred. (1 Estee's Pleading and Practice, sec. 560.)

The fourth cause of demurrer is that there is a misjoinder of parties defendant. It is claimed that the defendants did not each obligate themselves in the same sum, and that the defendants Monk and Desaulnier did not bind themselves in any sum. To this contention it is sufficient to say the bond is joint and several, and therefore the action may be maintained against all jointly or against each severally. (*People v. Stacy,* 74 Cal. 373, 16 Pac. 192.) The fact that a surety fails to justify does not release him from liability, if the bond is accepted without requiring him to justify. (*Taylor Co. v. King,* 73 Iowa, 153, 5 Am. St. Rep. 666, 34 N. W. 774.) The judgment of the court below is reversed, with instructions to overrule the demurrers, and to proceed with the case. Costs against the respondents.

Morgan, C. J., and Huston, J., concur.