(May 24, 1902.)

## KEENAN v. WASHINGTON LIQUOR COMPANY.
### [69 Pac. 112.]

PLEADING—AMENDMENT OF—PRACTICE.—Before issue joined the plaintiff may, by an amended pleading, truly state the facts upon which the action is based, although there is more or less apparent conflict between the facts as alleged in the original, and in such amended pleading.

DEMURRER—CERTAINTY IN PLEADING.—A special demurrer to a complaint in an action upon an undertaking upon claim and delivery, on the ground of uncertainty, because the complaint describes the

property involved in such replevin suit in general terms, properly overruled.

DOCUMENTARY EVIDENCE—FILES OF INFERIOR COURTS.—The records and files of inferior courts are admissible in evidence, and the objection that they are inadmissible and incompetent and should be proved ᵇʸ copies was properly overruled by the trial court.

OBLIGATIONS OF UNDERTAKING ON CLAIM AND DELIVERY.—The obligations of the principal and sureties in an undertaking on claim and delivery, which undertakes for the prosecution of the action and for a return of the property, if a return thereof be adjudged, are broken by the failure of the plaintiff in the replevin suit to prosecute the said action, and the sureties on the undertaking are liable for such breach of the undertaking, where the property, possession of which was procured by the plaintiff in the replevin suit by virtue of said undertaking and proceedings on claim and delivery, was sold and converted by said plaintiff, and the said goods were not returned, after demand, to the defendant in said replevin suit, notwithstanding no judgment for the return of said goods and chattels was rendered in the replevin suit, and the same was dismissed because of failure to prosecute the same by plaintiff.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

McFarland & McFarland, for Appellants.

The rules of pleading, as we understand them, will not permit a party to shift his position, and by amendment allege a different cause of action, particularly after argument on demurrer to the original pleading. (2 Black on Judgments, 632; *Ogden v. Moore,* 95 Mich. 290, 54 N. W. 899; *Freeman v. Michigan State Bank,* Harr. (Mich.) 311; *Metropolitan Nat. Bank v. St. Louis Dispatch Co.,* 38 Fed. 57; *Winter v. Quarrels,* 43 Ala. 692.) Admission of original pleadings in evidence. Neither of the documents, the admission of which is herein complained of, was material or relevant to the issues in this action, and could not properly be taken from the custody and files of said justice and probate courts and filed in this court. If they were material at all, certified copies of them should have been introduced in evidence. (Idaho Rev. Stats., secs. 4759, 4760; 2 Black on Judgments, 625; Newell

on Malicious Prosecution, 454; *Mudge v. Yaples,* 58 Mich. 307, 25 N. W. 297; *Brintnall v. Foster,* 7 Wend. (N. Y.) 103.) The judgment of the justice court gave Gilman everything he asked for, and having failed to allege in said answer the taking of the property by said claim and delivery proceedings, and having failed to demand a return thereof, and the judgment having failed to provide for a return thereof, the respondent cannot maintain this action. (Idaho Rev. Stats., secs. 4399, 4453; *Gould v. Scannell,* 13 Cal. 431; *Pico v. Pico,* 56 Cal. 453; *Banning v. Marlean,* 101 Cal. 238, 35 Pac. 772; *Capital Lumber Co. v. Hall,* 10 Or. 204.)

George W. Tannahill and I. N. Smith, for Respondent.

Where the evidence is not contained in the record, it will be presumed in support of a judgment for plaintiff that it was rendered on sufficient evidence. (*Rumney v. Detroit etc. Cattle Co.,* 129 Mich. 644, 89 N. W. 573 (decided March 18, 1902); *Toulouse v. Burkett,* 2 Idaho, 288, 13 Pac. 172; *Riborado v. Quang Pang Min. Co.,* 2 Idaho, 144, 6 Pac. 125.) The demurrer was properly overruled. The Washington Liquor Company failed to prosecute its action. This was an absolute breach of the bond, for which it and its sureties were liable. It failed to prosecute the action at all, and also failed to prosecute the action successfully. Our statute means that the action in replevin shall be prosecuted successfully in order to protect the bondsmen. (*McCormick etc. Machine Co. v. Fisher,* 63 Kan. 199, 65 Pac. 233; *Manning v. Manning,* 26 Kan. 101 (Brewer, J.); *Cox v. Sargent,* 10 Colo. App. 1, 50 Pac. 201; Cobbey on Replevin, secs. 1250, 1253, 1254, note-10; *Mills v. Gleason,* 21 Cal. 274 (280); 2 Notes on Cal. Cases; Idaho Rev. Stats., sec. 18; Idaho Rev. Stats., secs. 4759, 4760; Cal. Code Civ. Proc., sec. 911; *Blair v. Hamilton,* 32 Cal: 49; *Jolly v. Folz* 34 Cal. 321; *Liebman v. McGraw* 3 Wash. 520, 28 Pac. 1107; Rev. Stats., sec. 5974.) The evidence shows this case was not prosecuted. This is a distinct breach of the bond making the bondsmen liable. (3 Blackstone's Commentaries, tit. "Non Prosequiter," p. 296; *Manning v. Manning,* 26 Kan. 101.) The bond at bar was assignable. (Cal. Civ. Code, sec. 954; Cal.

Code Civ. Proc., secs. 1582, 1583; Pomeroy on Rights, 144-146; Ilaho Rev. Stats., sec. 2891; Cobbey on Replevin, sec. 1269; *Gallup v. Lichter,* 4 Colo. App. 296, 35 Pac. 985.)

QUARLES, C. J.—The respondent in this action (plaintiff below) commenced an action in the probate court of Nez Perces county against C. H. Russell, as defendant, to recover an alleged indebtedness due to respondent from said Russell, and caused a writ of attachment to be issued in said action, which was levied upon certain goods and chattels comprising the stock in the saloon conducted by said Russell, and thereafter such proceedings were had that the respondent recovered a judgment against said Russell for the sum of $163.75. After the levy of said attachment upon said chattels, the appellant the Washington Liquor Company commenced an action in the justice's court of West Lewiston precinct against Dudley Gilman, the constable, o recover said chattels, alleging ownership thereof, and executed a bond on claim and delivery, with the appellants John W. Denny and J. Alexander as sureties thereon, conditioned that the said Washington Liquor Company would prosecute the said action, and that it would return the said chattels to the said defendant if the return thereof be adjudged by the court, and for the payment to defendant of such sum as may, from any cause, be recovered against the plaintiff in said action, not exceeding the sum of $200; and upon order duly indorsed upon the affidavit on claim and delivery in such cause the sheriff of Nez Perces county, acting under the instructions of the Washington Liquor Company, seized said chattels, and took them from possession of the constable who had attached same, and was holding same under the attachment levied in the action brought by the respondent against the said Russell. Upon the return day of the summons in said action of claim and delivery, the plaintiff therein not being ready for trial, the trial was postponed by agreement of parties to the following day, to wit, until September 11, 1900, at 4 o'clock P. M. Afterward, and at said time, to wit, Tuesday, September 11, 1900, at 4 o'clock P. M., the plaintiff in said action, the Washington Liquor Company, being represented by one John A.

Guyer, had no evidence whatever to offer in support of its claim, whereupon defendant offered some oral evidence, after which said defendant, by his attorney, asked that the cause be dismissed, whereupon the same was dismissed by judgment entered in said justice's docket, awarding the defendant therein his costs, taxed at five dollars and twenty cents. This action is brought upon the said undertaking on claim and delivery, and was originally commenced in the probate court of Nez Perces county, and removed therefrom to the district court upon an application for change of venue. After the cause reached the district court, a demurrer was interposed to the complaint, and by the court sustained, after which the respondent filed his amended complaint. In the original complaint it was alleged that the action for claim and delivery aforesaid was determined adversely to the said appellant the Washington Liquor Company. In the amended complaint the breach of said undertaking on claim and delivery is alleged as follows: "That the conditions of the said bond have been broken in this: 1. That the defendant herein, the Washington Liquor Company, principal in said bond, failed to prosecute the said action for claim and delivery, and at the trial of the same in the said justice's court judgment of dismissal was rendered because thereof. 2. That prior to the dismissal of the said action in replevin the Washington Liquor Company had converted to its own use and sold and disposed of all the goods, wares, and merchandise so taken by virtue of said bond in said replevin action. 3. That the said Washington Liquor Company and the said Joseph Alexander and John W. Denny, each, every, and all failed, neglected, and refused to return the said property, or any part thereof, to the said Dudley Gilman, and that demand was made on the sureties thereof before the commencement of this action." The allegations in said amended complaint, above quoted, alleging the breach of said undertaking, it is claimed by the appellants stated an entirely new cause of action from that alleged in the original complaint, and is contradictory to the allegations of said original complaint; and for said reasons said appellants moved to strike said alle-

gations from said amended complaint, which motion was denied by the court, and this action of the court is one of the errors alleged by appellants.

We think the motion to strike was properly denied. Before issue joined, the plaintiff was properly permitted to amend his complaint so as to state the facts. We do not think that the allegation in the original complaint to the effect that the action on claim and delivery was determined adversely to the said Washington Liquor Company is so inconsistent with the allegation in the amended complaint that said plaintiff failed to prosecute the said action, for which reason judgment of dismissal was rendered because thereof, as to make the latter allegation inadmissible in the amended complaint.

The defendants, appellants here, demurred to said amended complaint upon two grounds, to wit: 1. That the said amended complaint does not state facts sufficient to constitute a cause of action; 2. That said amended complaint is uncertain, in this: That it contains no description of the property alleged to have been taken by the defendants, etc.—which demurrer was by the trial court overruled, and the action of the court in overruling same is one of the errors assigned. We think that said amended pleading states a cause of action. The second ground of demurrer was not well taken. The allegation describing the property seized under said claim and delivery proceedings and converted by the appellants in the following general terms, to wit: "A certain stock of liquors, tobaccos, and cigars then the property of C. H. Russell," etc.—was sufficient in an action upon said bond.

Upon the trial the court admitted in evidence, over appellants' objections, the original complaint, summons, and affidavit on claim and delivery, notice on claim and delivery, and other original files in the action commenced by the appellant the Washington Liquor Company, as plaintiff, against said constable, Dudley Gilman, in said justice's court; and the court also admitted the pleadings and original files in the action brought by the respondent, Keenan, against said Russell in the probate court, over the objections of said appellants; and the action of the court in admitting such documentary evidence

constitutes the grounds upon which the third, fourth, fifth, sixth, and seventh assignments of error are based. The appellants contend that the admission of such evidence was improper, because the same, being records in the said inferior courts, was not admissible, and that the respondent should have introduced copies of the same. This contention is not well taken. The said records were competent evidence, and properly admitted as such at the trial.

The eighth error assigned was that the court erred in permitting the witness McConkey, over appellants' objections, to answer the following questions: "Who was Dudley Gilman? Was he not the defendant in the action?" And the ninth error is based upon the action of the court in permitting said witness to answer the following questions: "Who was P. J. Keenan, who testified at that time? Was he not the plaintiff in this action?" The objection was not made to either of said questions that the same were leading, and, inasmuch as said questions related to introductory matters, the court did not err in permitting the same to be answered.

A number of other assignments of error are based upon the introduction of certain evidence at the trial, but we do not think that the said assignments of error are well taken, or that it is necessary to discuss them at length. The principal contention of appellants is that the decision and judgment is against law. It is argued that because the said constable, defendant in said action on claim and delivery, failed to procure a judgment for the return of said chattels, or the value of the same fixed, the respondent cannot recover in this action upon said bond. The court found in its findings of fact—and which are, we think, supported by the evidence—that the appellant the Washington Liquor Company, plaintiff in said action on claim and delivery, failed to prosecute the said action; that during the pendency of said action, and before its dismissal, the appellant the Washington Liquor Company sold and disposed of said chattels seized under said claim and delivery proceedings, and converted the same to its own use; and that the appellants failed, neglected, and refused to return the said property, or any part thereof, to the defendant Gilman; and that demand

was made on said sureties therefor before the commencement of this action. The court also found that before the commencement of this action the said Dudley Gilman, aforesaid, defendant in said action on claim and delivery, assigned the said undertaking therein to the respondent, Keenan, and the other material facts were found in favor of the respondent. We are of the opinion that the obligations of said undertaking sued on were broken by the failure of the appellant the Washington Liquor Company, principal in said bond, to prosecute said action. The failure of the constable, Gilman, defendant in said action, to take a judgment for the return of said property, or its value if a return thereof could not be had, does not preclude the real party in interest, the respondent, who was not a party to said action, from recovering upon the undertaking sued on under the facts as they appear in the record and were found by the trial court. It would be a travesty upon justice to hold that the appellants could bring an action for claim and delivery against the constable who had seized such chattels under attachment, and by virtue of the execution sued upon take from said constable said chattels, and before said action could be tried and determined sell and dispose of said goods and chattels, and convert the same, and escape liability to the real party injured, not a party to said action, after having failed to prosecute said action, on the ground that the said constable did not obtain judgment for return of the said goods and chattels. The obligations of said bond required the prosecution of said action on claim and delivery. The breach of that obligation, under the circumstances of this case, entitles the respondent, upon the showing made in the record before us, to the judgment appealed from.

For the foregoing reasons, the order denying a new trial and the judgment appealed from are affirmed, with costs to the respondent.

Sullivan and Stockslager, JJ., concur.