(May 29, 1924.)

OTTO P. HOEBEL, Administrator of the Estate of JAMES H. MUDD, Deceased, Respondent, v. UTAH–IDAHO LIVESTOCK LOAN COMPANY, a Corporation, and THE AMERICAN SURETY COMPANY OF NEW YORK, a Corporation, Appellants.

[227 Pac. 1048.]

CLAIM AND DELIVERY — CONDITIONS IN UNDERTAKING — INDEPENDENT OBLIGATIONS—RIGHT OF RECOVERY.

1. In an action in claim and delivery the principal who gives the undertaking required by C. S., sec. 6759, is liable thereon for a breach of any of its conditions although he has not signed the same.

2. Where a complaint upon an undertaking in claim and delivery fails to allege the corporate existence of the surety that executed such undertaking the complaint is not fatally defective because of such omission.

3. Under C. S., sec. 6759, the conditions of an undertaking in claim and delivery are distinct and independent and it is not

necessary to the maintenance of an action thereon that there should have been a judgment in the principal action for a return of the property or for damages.

4. Where the plaintiff in a claim and delivery action obtains possession of the defendant's property and thereafter suffers a nonsuit in that action he is liable upon the undertaking for a breach of the condition to prosecute the action in claim and delivery.

5. In a suit brought upon an undertaking in a claim and delivery action, after the dismissal of such action the plaintiff in the suit on the undertaking establishes a *prima facie* case for recovery by the admission of the defendant or proof that the undertaking was given, that the writ was issued and the officer's return showing that he had taken possession of the property, the dismissal or discontinuance of the suit, and the value of the property as fixed by the affidavit, and if no further evidence is offered on either side it would be the duty of the court to instruct the jury that plaintiff was entitled to recover the value of the property as fixed in the affidavit with interest and any damages that were shown to have been sustained, with costs.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. Ralph W. Adair, Judge.

Action on undertaking in claim and delivery. Judgment for plaintiff. *Affirmed.*

Richards & Haga, George F. Gagon and Frank T. Wyman, for Appellants.

A surety on a replevin bond does not undertake to be responsible for the return of the property unless a return thereof be adjudged by the court in the replevin action, and that must be determined from an inspection of the judgment in that action. (*Vallandingham v. Ray,* 128 Ky. 506, 108 S. W. 896; *Howard v. Wyatt,* 145 Ky. 424, 140 S. W. 655; *Thomas v. Irwin,* 90 Ind. 557; *Ashley v. Peterson,* 25 Wis. 621; *Gallarati v. Orser,* 27 N. Y. 324; *Daniels v. Mansbridge,* 4 Ind. Ter. 104, 69 S. W. 815.)

The duty to return the property does not follow from the granting of a nonsuit on the motion of defendant, or

on the entering of a judgment for costs in favor of defendant. Under C. S., secs. 6759, 6863, 6898, the right of the defendant to the possession and return of the property or to payment therefor and to damages for the detention thereof must be determined by the judgment in the replevin action. (*Vinyard v. Barnes*, 124 Ill. 346, 16 N. E. 254; *Cooper v. Brown*, 7 Dana (Ky.), 333; *Cowling v. Greenleaf*, 32 Kan. 392, 4 Pac. 855; *Scott v. Scott*, 50 Mich. 372, 15 N. W. 515; *Dillingham v. Smith*, 32 Me. 182; *White v. Van Houten*, 52 Mo. 577; 34 Cyc. 1571, 1576.)

Under C. S., secs. 6863 and 6898, the defendant in a replevin action is entitled to a judgment determining his right to the possession of the property taken by the plaintiff, and if it cannot be returned he is entitled to a judgment for the value thereof, together with whatever damages he may have sustained by being deprived of its possession. Judgment entered in such an action concludes the parties not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined in that action. (*Ladd v. Prentice*, 14 Conn. 109; *Stevens v. Tuite*, 104 Mass. 334; *Carroll v. Woodlock*, 13 Mo. App. 574; *Ihrig v. Bussell*, 68 Wash. 70, 122 Pac. 608; *Yuen Suey v. Fleshman*, 65 Or. 606, Ann. Cas. 1915A, 1072, 133 Pac. 803; *Cromwell v. Sack Co.*, 94 U. S. 351, 24 L. ed. 195; *Wilson v. Deen*, 121 U. S. 525, 7 Sup. Ct. 1004, 30 L. ed. 980; *Columb v. Webster Mfg. Co.*, 84 Fed. 592, 28 C. C. A. 225.)

As respondent voluntarily moved for a nonsuit and took a judgment for costs without asking for the return of the property or the determination of the value thereof, or the damages which he had sustained, the presumption is that he was not entitled to more than his costs and that he was not the owner of the property and was not entitled to the possession thereof. (*Clark v. Norton*, 6 Minn. 412, 6 Gil. 277; *Daniels v. Mansbridge, supra.*)

A complaint against a corporation that fails to allege that the defendant is a corporation is fatally defective. Without this averment the complaint does not state facts

sufficient to constitute a cause of action, and this defect is never waived. (*Miller v. Pine Mining Co.*, 3 Ida. 493, 35 Am. St. 289, 31 Pac. 803.)

A. S. Dickinson and Oppenheim & Lampert, for Respondent.

"The obligations of the principal and sureties in an undertaking on claim and delivery, which undertakes for the prosecution of the action and for a return of the property, if return thereof be adjudged, are broken by the failure of the plaintiff in the replevin suit to prosecute the said action, and the sureties on the undertaking are liable for such breach of the undertaking, where the property, possession of which was procured by the plaintiff in the replevin suit by virtue of said undertaking and proceedings on claim and delivery was sold and converted by said plaintiff, and the said goods were not returned, after demand, to the defendant in said replevin suit, notwithstanding no judgment for the return of the said goods and chattels was rendered in the replevin suit, and the same was dismissed because of failure to prosecute the same by plaintiff." (*Keenan v. Washington Liquor Co.*, 8 Ida. 383, 69 Pac. 112.)

Under C. S., sec. 6759, the condition of a replevin bond "for the prosecution of the action" means for the prosecution of the action with effect. (24 Am. & Eng. Ency. of Law, 539; *Alderman v. Roesel*, 52 S. C. 12, 29 S. E. 385; *Berghoff v. Heckwolf*, 26 Mo. 511; *Elliott v. Black*, 45 Mo. 372.)

Even in jurisdictions where it is not considered necessary for the plaintiff in a replevin action to prosecute the action with effect, a distinction is made between a final judgment on the merits and a judgment entered upon a dismissal or nonsuit, the latter being held a violation of the conditions of the replevin bond. (*Ginaca v. Atwood*, 8 Cal. 446; *Mills v. Gleason*, 21 Cal. 274; *Cox v. Sargent*, 10 Colo. App. 1, 50 Pac. 201; *Kentucky L. & I. Co. v. Crabtree*, 118 Ky. 395, 4 Ann. Cas. 1133, 80 S. W. 1161.)

A nonsuit is the breach of the condition "to prosecute," however interpreted. (*McIlvaine v. Holland*, 5 Harr. (Del.), 226; *Flannigan v. Erwin*, 173 Ill. App. 452; *Little v. Bliss*, 55 Kan. 94, 39 Pac. 1025; 23 R. C. L. 900, sec. 60.)

A defendant is estopped from complaining that its identity is not established because the complaint fails to allege its corporate capacity. (*Fegtly v. Village Blacksmith Co.*, 18 Ida. 536, 35 Am. St. 289, note, 111 Pac. 129; *Martin v. Kentucky Lands Inv. Co.*, 146 Ky. 525, Ann. Cas. 1913C, 332, note, 142 S. W. 1038; *Stanley v. Richmond etc. R. R. Co.*, 89 N. C. 331.)

A principal is not required to sign an undertaking where he is made liable thereon by operation of law. (C. S., sec. 7236; 32 Cyc. 23, 42; *Pima County v. Snyder*, 5 Ariz. 45, 44 Pac. 297; *Eureka Sandstone Co. v. Long*, 11 Wash. 161, 39 Pac. 446.)

WILLIAM A. LEE, J.—This action was commenced in the sixth judicial district for Bingham county, to recover on the undertaking, the value of certain cattle taken from respondent's intestate under a writ of claim and delivery in an action brought in the United States district court for the district of Idaho, wherein the Utah-Idaho Livestock Loan Co. was plaintiff and J. H. Mudd, respondent's intestate, was defendant.

The action in the federal court was commenced November 21, 1920, to recover possession of this property. The American Surety Company of New York, one of the appellants herein, became surety on the undertaking required by C. S., sec. 6759. Upon execution of this undertaking the United States marshal took these cattle from the defendant Mudd and delivered them to the Utah-Idaho Livestock Loan Co. At the close of its testimony at the trial of that case the court sustained the motion for a nonsuit by defendant Mudd and entered judgment for $167 costs. It does not appear that any further relief was demanded by Mudd in that action. After the entry of judgment therein the defendant Mudd made written demands upon both appellants

herein for the return of the property, which demands were refused by appellants and thereupon he commenced this action in the state court. Appellant separately demurred to the complaint.

Before trial of this cause Mudd died and his administrator, respondent herein, was substituted and the cause proceeded to trial without a jury. The court found that Mudd was entitled to possession of the cattle at the time of the nonsuit in the claim and delivery action in the federal court; that the undertaking herein sued on had been executed therein as required by law and was substantially as required by C. S., sec. 6759; that the cattle were taken by the United States marshal and delivered to said Utah-Idaho Livestock Loan Co.; that it had been nonsuited in that court and had failed to further prosecute its said action. Upon these findings the court entered conclusions of law; that payment and satisfaction of judgment for costs in the former action is not a bar to this action and that respondent is entitled to a judgment for $12,720 against the Utah-Idaho Livestock Loan Co. and the American Surety Co., who had executed the undertaking on its behalf as plaintiff in the claim and delivery action, and entered judgment in favor of respondent from which judgment appellants take separate appeals.

Appellant severally filed a general demurrer to the complaint. The Utah-Idaho Livestock Loan Co. contends that this action being upon a contract, the undertaking, and it not having signed the same it cannot be liable thereon. The undertaking was given on behalf of this appellant and even though it did not sign it we think it is, nevertheless, liable thereon under C. S., sec. 7236. (See, also, *State v. McDonald*, 4 Ida. 468, 95 Am. St. 137, 40 Pac. 312.) Its demurrer in so far as it relates to that ground was properly overruled.

The American Surety Co. urges in support of its general demurrer that the complaint fails to allege that it is a corporation and relies upon *Miller v. Pine Mining Co.*, 3 Ida. 493, 35 Am. St. 289, 31 Pac. 803. In *Fegtly v. Village Blacksmith Co.*, 18 Ida. 536, 111 Pac. 129, *Miller v. Pine* case is

considered and authorities holding to the contrary doctrine are cited on page 540 of the official report (111 Pac. 130), and the court remarks that while it was not necessary to overrule the Miller case, it clearly indicates that it would have done so for the reasons stated had it been necessary. It should be observed in the case at bar that the undertaking is made a part of the complaint and it contains this recital: "A corporation duly authorized to become sole surety upon bonds and undertakings within the state of Idaho and under the laws of the United States of America." In this state of the record appellant Surety Company's contention that the complaint fails to state a cause of action because it does not allege its corporate existence is without merit. In view of the discussion of this question in the Feglty case and the authorities there cited, the holding in the Miller case that a complaint that fails to allege corporate existence of a defendant is fatally defective is hereby expressly disapproved. The remaining assignments on behalf of both of the appellants may be considered under the following propositions: (1) Can this action be maintained upon the undertaking given in the claim and delivery action in the federal court? (2) If it can, is the ownership and right of possession sufficiently established in this action to support the judgment?

In an action for claim and delivery C. S., sec. 6759, requires a written undertaking on the part of plaintiff executed by two or more sureties for the doing of three distinct acts: (1) For the prosecution of the action; (2) For the return of the property to the defendant if the return thereof be adjudged; and (3) For the payment to him of such sum as may from any cause be recovered against the plaintiff. No return of the property was adjudged in the action in the federal court and no recovery had except for costs in that action. The only breach of the conditions of the undertaking upon which respondent relies is the failure of plaintiff in that action to prosecute the same.

In L. R. A. 1917A, p. 1192, the rule is announced as follows: "The conditions of a replevin bond being distinct

and independent, it is not necessary to the maintaining of an action for breach of condition to prosecute that there should have been a judgment in the action of replevin for the return of the property or for damages." (*Mills v. Gleason*, 21 Cal. 274; *Cox v. Sargent*, 10 Colo. App. 1, 50 Pac. 201; *Little v. Bliss*, 55 Kan. 94, 39 Pac. 1025; *Elliott v. Black*, 45 Mo. 372; *Berghoff v. Heckwolf*, 26 Mo. 511.)

*Kentucky L. & I. Co. v. Crabtree*, 118 Ky. 395, 4 Ann. Cas. 1133, 80 S. W. 1161, states the rule thus: "The condition in a replevin bond that the plaintiff will duly prosecute the action is broken by a dismissal of the action, without a return of the property, and the obligee is entitled to recover damages to the amount of the value of the property with interest." In 4 Ann. Cas., at page 1135, it is stated that a majority of the cases have adopted this rule, and gives an extended list among which is *Keenan v. Washington Liquor Co.*, 8 Ida. 383, 69 Pac. 112. An examination of this last-mentioned case will show that it so holds, and the only difference between the Idaho statute construed in this case and the Kentucky statute is the addition of the word "duly," which obviously does not make the statute of that state any broader than that of our own.

Cobbey on Replevin, 2d ed., sec. 1253, p. 709, in discussing the provision to prosecute with effect contained in a number of the statutes, says: "The condition to prosecute with effect means that the plaintiff will prosecute his suit to a final conclusion successfully, and if for any cause he fails in the final result, or if he suffers a nonsuit or dismissal, the condition is broken and an action will lie for the full penalty of the bond. It is not necessary that judgment for a return be entered; the failure to prosecute is the breach. Even where the defendant consented to the dismissal it is still an actionable breach unless he consents to waive his right to damages. Where the defendant pleaded *non cepit* and the plaintiff afterwards was nonsuited, there was a failure to prosecute with success. As long as the suit is pending, no matter how much delayed, there is no breach of this con-

dition. The condition in a replevin bond that the plaintiff will prosecute his suit to effect and without delay is a substantive and independent condition, and as material as any other substantive condition." The authorities cited by the author in support of the various propositions announced, many of them the same as cited by the two preceding cases above referred to, on examination show that they fully support this view.

We do not think that the additional words "prosecute with effect," which are not found in the Idaho statute, would render these authorities cited inapplicable to the instant case. We therefore hold that under the facts in this case where the plaintiff in an action of claim and delivery obtains possession of the defendant's cattle and thereafter suffered a nonsuit in that action it is liable upon the undertaking in an independent action.

Appellants' contentions that the court erred in finding that Mudd was the owner and entitled to possession of the cattle and that there was no evidence showing what, if any, damage was sustained by plaintiff are without merit. In *Lapp v. Ritter*, 88 Fed. 108, it was said: "In a suit upon a replevin bond, brought by the defendant against the plaintiffs and the surety after the dismissal of the replevin suit, the plaintiff in the suit will establish a right to recover, *prima facie*, the full value of the property taken, by introducing in evidence the complaint and undertaking in replevin, and by showing the dismissal of the suit, and by introducing the writ of replevin, the sheriff's return, and appraisement, showing the seizure of the property, and the appraised value of it; and, if no further evidence is introduced on either side, it would be the duty of the court to instruct the jury peremptorily that the plaintiff was entitled to recover the full appraised value of the property, with interest upon it, and any damages that were shown beyond that, together with costs." This is supported by *Cox v. Sargent, Mills v. Gleason, Little v. Bliss, Elliott v. Black* and *Keenan v. Washington Liquor Co., supra*.

In this case the complaint and writ of replevin were introduced in evidence. It was admitted that the United States marshal took the cattle under the writ; that the suit in the federal court was dismissed after the entering of a nonsuit against the plaintiff therein; and that no return of the property or the value thereof had been made although due demands were made upon both appellants herein for such return.

In addition to the judgment-roll of the action in the federal court admitted in evidence, it was further admitted by appellant Utah-Idaho Livestock Loan Co. that the value of the cattle was $60 per head. The witness Scharfhauser testified that this was a fair valuation of the cattle. He also testified that he was an inspector for the Utah-Idaho Co.; that he took charge of the cattle turned over by the United States marshal and that the number of the cattle was 212. There was no other evidence as to the ownership or value of the cattle.

From the above authorities and testimony the court below was justified in finding as it did with reference to respondent being entitled to possession of the cattle and to the value and number thereof. There was sufficient evidence to sustain such findings and the conclusion reached.

Judgment of the court below is affirmed, with costs to respondent.

McCarthy, C. J., and Budge, J., concur.

Petition for rehearing denied.