CITY OF POCATELLO, a Municipal Corporation, Respondent, v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant, and PAT. J. PHELAN, Respondent.

[237 Pac. 1106.]

CITY TREASURER—PRINCIPAL AND SURETY—OFFICIAL BOND—LIABILITY.

1. Evidence examined and *held* to show that the city treasurer wrongfully converted city funds whereby he and his surety became liable therefor.

2. A misrecital in a bond that the principal was elected when he was appointed does not avoid the bond or release the principal or the surety.

3. A principal who gives a joint and several undertaking required by law is equally liable thereon with the surety for a breach of any of its conditions although he has not signed the same.

---

Publisher's Note.

2. Informalities in bonds of public officers which do not invalidate the bond, see notes in 15 **Am. Dec.** 170; 90 **Am. St.** 188.

Invalidity of designation of officer as affecting liability on his bond, see note in 18 **A. L. R.** 274.

3. Failure of principal to sign bond as affecting liability of surety, see notes in 2 **Ann. Cas.** 225; Ann. Cas. 1912A, 1014.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County.   Hon. O. R. Baum, Judge.

Action on official bond.   Judgment in favor of principal Phelan and against surety Fidelity and Deposit Company of Maryland.   *Reversed in part and remanded, with instructions.*

Frank T. Wyman, for Appellant.

A judgment in favor of the principal discharges the surety.   (*Bridges v. Blake,* 106 Ind. 332, 6 N. E. 833; 32 Cyc. 152; *Farmers & Mechanics' Bank v. Kinsley,* 2 Doug. (Mich.) 379; 21 R. C. L., sec. 107; Brandt on Suretyship, secs. 163–167; Pingrey on Suretyships, sec. 92; *Sholes v. Eisner,* 90 N. J. L. 151, 100 Atl. 213; *Rafferty v. Klein,* 256 Pa. 481, 100 Atl. 945; *American Blower Co. v. Lion B. & S. Co.,* 178 Iowa, 1304, 160 N. W. 939; *Grayson County Nat. Bank v. Wandelohr* (Tex. Civ.), 131 S. W. 1168; *Schlitter & Johnson v. Deering-Harvester Co.,* 3 Ga. App. 86, 59 S. E. 342; *Wills* v. *Tyler* (Tex. Civ.), 186 S. W. 862.)

Peterson & Coffin, for Respondent City of Pocatello.

An official bond, signed by the sureties only and not signed by the principal, is binding upon the sureties in the absence of a direct condition contained in the bond or proved to have been a part of the transaction to the effect that the bond shall not be binding upon the surety until signed by the principal.   (*Trustees of School v. Sheik,* 119 Ill. 579, 59 Am. Rep. 830, 8 N. E. 189.)

P. C. O'Malley, for Respondent Phelan, cites no authorities on points decided.

GIVENS, J.—The city of Pocatello sued Pat. J. Phelan and the Fidelity and Deposit Company of Maryland on his bond as city treasurer for an alleged shortage.   The surety company appeals from the judgment entered against the surety and in favor of Phelan.   The errors assigned are in

substance the insufficiency of the evidence to show conversion by Phelan and the entering of judgment against the surety and not against Phelan.

The evidence discloses that towards the end of his term of office as treasurer, Phelan, who also held the position of city clerk, was short in his accounts. Blank warrants signed by the mayor were left with Phelan which when signed by him as clerk he issued to reimburse himself for cash paid the city employees. On March 5, 1921, he prepared a warrant, plaintiff's exhibit "H," payable to the city treasurer for the exact amount of the shortage which he admitted he had no authority to draw and which was, as to number, a duplicate of one previously legally issued but for a different amount. This warrant was deposited by Phelan in the First National Bank, where he received credit for it, but according to custom it was carried by the First Savings Bank on which it was drawn until city funds were deposited for its payment, thus making it appear that Phelan had the requisite amount of money on hand at the time he relinquished his office and turned over the city's funds to his successor but the records disclose that it was never charged against the city on his books.

Appellant contends that conceding the warrant, exhibit "H," was illegal it was the clerk's act and consequently the treasurer's bond was not liable, that it is wholly unimportant how Phelan as treasurer made up the shortage, saying in its brief:

"He might have made up the shortage by borrowing it from friends or *stealing it,* and it would have made as little difference in the one case as in the other so far as his bond as treasurer is concerned. It is not a question of *how* he got the money to turn over to his successor, but *did* he get it and *did* he turn it over."

If he had in fact made up the shortage the question of how he did so would have been immaterial, but if there was any money deposited in the First National Bank it was money belonging to the city. In other words, the original shortage had evidently occurred some time prior and in order to cover up, the treasurer in collusion with the city

clerk, if any funds were transferred, took city funds to make up the shortage. He tried to put money in the city's right-hand pocket by taking it out of the left-hand pocket or no money in fact was deposited. If Phelan received from the clerk the amount of this warrant then his account should have been increased that amount in which event he should have turned over to his successor that much more. In either event he was short. The treasurer knew the purpose for which this warrant was issued and knew that it was a void transaction and the credit appearing in the First National Bank and which appeared in the account turned over to his successor was in fact false and erroneous. In other words, the warrant transaction merely disclosed the treasurer's misconduct and the method he had employed in attempting to cover it up. His liability and the liability of his bondsman became fixed at the time of his original conversion, and though his books showed the correct amount, they were false and he did not in fact turn over to his successor the full amount he should have had on hand.

That the bond recited the treasurer was elected when he was in fact appointed did not avoid the bond or release the surety. (*State v. McDonald,* 4 Ida. 468, 95 Am. St. 137, 40 Pac. 312.)

The omission of Phelan to sign the bond did not release him from liability (*State v. McDonald, supra,* and *Hoebel v. Utah-Idaho Live Stock Loan Co.,* 39 Ida. 294, 227 Pac. 1048); consequently the trial court erroneously entered judgment in favor of Phelan as against the city.

The judgment in favor of Phelan is therefore reversed and the case remanded, with instructions to the court to enter judgment against Phelan and appellant Fidelity and Deposit Company of Maryland for the amount of the shortage with interest.

Costs awarded to respondent, City of Pocatello.

William A. Lee, C. J., Wm. E. Lee and Taylor, JJ., concur.