## CHAMBERS et al. v. WATERS et al.

Where the defendant in a replevin suit failed to claim the return of the property in his answer, and on the trial, the jury found a verdict for the defendant, on which the Court rendered judgment against plaintiffs, for costs, which was paid: *Held*, That the payment of the judgment, as taken, was a complete discharge of plaintiffs' sureties on the undertaking.

The case of Nickerson v. Chatterton approved.

APPEAL from the District Court of the Fourteenth Judicial District, County of Nevada.

The plaintiffs levied an execution upon certain goods and chattels, as the property of Pierce and Anderson, and while the property was in the possession of Hill, an officer, the defendant, Waters brought a suit to recover the possession of the same, and executed an undertaking, with the other defendants as sureties, conditioned that the said Waters should prosecute the replevin suit with effect, and make return of the property, if return thereof should be adjudged to said Hill, and for the payment to him of such sum as might, from any cause, be recovered against the said Waters. The property was delivered to Waters, and Hill, the defendant, in that suit, did not claim a return of the property in his answer. Upon the trial of the replevin suit between Waters and Hill, the jury returned a verdict in this form, " We, the jury, find for the defendant." The Court rendered judgment upon this verdict against Waters, the plaintiff in that suit, for costs of suit, upon which, execution was issued, and the judgment fully paid by Waters. The officer, Hill, afterwards assigned the undertaking to the present plaintiffs, who brought suit against the present defendants to recover the value of the property replevied and never returned by Waters. Judgment was given in the Court below against defendants, from which they appealed to this Court.

*S. H. Chase* for Appellant.

*Caldwell & Rayle* for Respondents.

BURNETT, J., after stating the facts, delivered the opinion of the Court—MURRAY, C. J., concurring.

Most of the points arising in this case were settled by this Court in the case of Nickerson v. Chatterton and others. In the case between Waters and Hill, if the latter intended to hold Waters and her sureties responsible upon the undertaking, either for a return of the property or its value, he should have claimed a return of the property, and taken his judgment accordingly.

Having failed to do this, the payment of the judgment, as taken, is a complete discharge of the defendant, Waters, and her sureties upon the undertaking. As to whether she could be made liable individually for a return of the property, it is unnecessary to determine.

The judgment of the Court below is therefore reversed, and the suit dismissed, with costs.