## MILLS *et al.* v. GLEASON *et al.*

A COMPLAINT, in an action upon a statutory undertaking, which contains no other description of the instrument than an allegation that it corresponds with the provisions of a certain section of the Practice Act, is defective. The defect, however, being of form rather than of substance objection to it must be taken by demurrer to the complaint.

The one hundred and seventy-seventh section of the Practice Act and the decisions under it, to the effect that the sureties upon the undertaking given by the plaintiff in a replevin action to procure a delivery of the property, are not responsible for a return of the property or its value unless a return was claimed in the answer and awarded by the judgment, do not apply to cases where the action is dismissed by the plaintiff before trial.

The dismissal of a replevin action by the plaintiff before trial leaves the parties to settle in an action upon the undertaking those matters, including the right of defendant to a return of the property, which, had the original suit been prosecuted, must have been determined therein in the first instance. The opportunity to obtain a judgment for the return having been taken away by the failure to prosecute, defendant is entitled to recover, in an action on the undertaking, compensation in damages.

Where the replevin action is dismissed before trial, the liability of the sureties on the undertaking for a return of the property is not affected by the fact, that before the dismissal an answer had been filed in which no return of the property was claimed.

APPEAL from the Fourth Judicial District.

On the eighteenth day of April, 1856, one Gould commenced an action, in the Superior Court of San Francisco, against the present plaintiffs to recover certain personal property, and in pursuance of the provisions of the statute for procuring an immediate delivery of the property made the proper affidavit and delivered to the officer an undertaking, executed by the present defendants, in the sum of five hundred dollars conditioned as required in the one hundred and second section of the Practice Act. The property was thereupon taken by the officer from the possession of the present plaintiffs and delivered to Gould. The defendants in the replevin suit (plaintiffs here) filed an answer therein in which they did not claim any return of the property to them. When the case came on for trial Gould the plaintiff failed to appear, and a judgment was entered dismissing the action for want of prosecution and in favor of defendants for their costs.

Mills *v.* Gleason.

The present action is brought upon the undertaking executed by the sureties in the replevin suit. The complaint sets up the proceedings in that suit and claims a recovery for the value of the property, (which it avers has never been returned) with interest thereon, and also for the costs which were adjudged them in the replevin suit. The complaint does not contain a copy of the undertaking or any averments as to what it contained, except that it was made in pursuance of the one hundred and second section of the Practice Act, was in the penal sum of five hundred dollars, and was conditioned as required by that section. Defendants, without demurring, answered, and a trial was had before the Court without a jury. The Court found the facts substantially as above set forth, and that the value of the property at the time of the taking was three hundred dollars, and gave judgment for plaintiff for this amount and the amount of the judgment for costs in the replevin suit with interest. Defendants moved for a new trial which was denied, and from this order and the judgment they now appeal.

*F. A. Fabens,* for Appellants.

I. The complaint does not state facts sufficient to constitute a cause of action.

1. There is no sufficient allegation as to the undertaking sued upon. The undertaking is not set forth in *hæc verba*, neither is the tenor of it described. 2. There is no allegation in the complaint that the plaintiffs have suffered any damage by reason of Gould's failing to prosecute his replevin suit described in the complaint. The complaint shows that there were no damages found in the replevin suit against Gould for the taking alleged. Damages for the original taking and detention should have been found in the replevin suit; not having been so found they cannot be recovered of the sureties. (*Gianaca* v. *Atwood,* 8 Cal. 446.) 3. It does not appear from the complaint that the property claimed in the replevin suit has not been returned to the plaintiffs.

II. In an action against the sureties upon an undertaking in a replevin suit, the judgment in the replevin suit is the only measure of damages. (*Chambers* v. *Waters,* 7 Cal. 398; *Gould* v. *Scannel,* 13 Id. 430; *Nickerson* v. *Chatterton,* 7 Id. 568.)

III.  Where, in an action to recover personal property, the answer contains no allegation nor prayer relative to the change of possession from defendant to plaintiff, then neither a judgment for a return of the property, nor for the value of it, in case a return cannot be had, can be obtained either upon a trial of the case, or upon a judgment of dismissal against the plaintiffs for failure to appear.  ( *Gould* v. *Scannel* and *Chambers* v. *Waters, supra.*)

IV.  Where, in a replevin suit, the plaintiffs fail to appear, and a judgment of nonsuit is entered against them, and a suit brought upon the undertaking given in such suit, then in the suit upon the undertaking the jury can find only such facts as the jury in the original replevin suit might have found if the replevin suit had been prosecuted.  If such replevin suit had been prosecuted, and the plaintiffs had failed therein, his sureties in a suit brought against them, are only liable for the amount of such judgment as might have been obtained against the plaintiffs in the replevin suit, if the same had been fully tried, and a verdict rendered against the plaintiffs.  If Gould had prosecuted his suit and lost it, from the nature of the pleadings in that case no judgment for the return of the property, or its value, could have been obtained against him, therefore no such judgment can be obtained in this case against the defendants.  (7 and 13 Cal. above cited.)

*John Reynolds*, for Respondents.

I.  The cases in this Court cited by appellants do not sustain their position.  In the case of *Gould* v. *Scannel* this Court held, that where a return is not claimed in the answer, no return can be adjudged on a trial, and the Court reversed that part of the judgment which awarded the value of the property.  That part of the judgment was erroneous, because, there being no claim for a return, or anything in the answer in the nature of a counter-claim, and the defendants not appearing, there could be no trial.  The case could only be dismissed for want of prosecution.

The case of *Nickerson* v. *Chatterton* (7 Cal. 568) was a suit upon an undertaking given by the defendant, under the one hundred and fourth section of the Practice Act, and contained no condition like the one for the breach of which the plaintiffs seek to

Mills *v.* Gleason.

recover in this case. The only condition in that undertaking was for the delivery of the property to the plaintiff, if such delivery be adjudged, and for the payment to him of such sum as may from any cause be recovered against the defendant. This authority, therefore, can have no application to the case at bar. In the case of *Chambers* v. *Waters* (7 Cal. 390) there was no breach of the condition "for the prosecution of the action," nor was there any breach of the other conditions in the bond, for they both depended upon the judgment of the Court. The sureties in that case undertook as follows : 1st, for the prosecution of the action ; 2d, for the return of the property, if return thereof be adjudged. No return was adjudged, and there was, therefore, no breach of the second condition ; 3d, for the payment to him of such sum as may from any cause be recovered against the plaintiff. The amount of the recovery was the costs which were paid, and thus the third condition satisfied and, no condition of the bond broken, of course no action could be maintained upon it.

In the case of *Gianaca* v. *Atwood* (8 Cal. 446) there was a trial. The plaintiff appeared and prosecuted his suit, and there was therefore no breach of the first condition in the bond. A return of the property was adjudged and not fully made. This Court hold that the sureties on the bond were liable to the extent of the breach ; they could not, of course, be liable beyond that. Neither the second nor third conditions in the bond, provided for by section one hundred and two, can be held to refer to the original taking unless so determined by the judgment, and hence this Court say : " It is for damages arising from a failure to return the property that the action will lie, not for damages for the original taking and detention ; these both should have been found in the replevin suit. Not having been so, they cannot be recovered of the sureties." The only condition broken in this case was, for a compliance with the judgment in the replevin suit. But if there is no trial—and there can be none if the plaintiff fails to prosecute his action—there can be no such judgment, and no breach of the second or third condition, but the defendant is compelled to seek his remedy upon the first condition for a failure to prosecute the action. In the case at bar there was a breach of the first condition of the bond, viz.:

"For the prosecution of the action." The measure of damages for a breach of this condition is the value of the property when taken and lawful interest thereon from the date of such taking. The property was taken from the possession of the defendants in the replevin suit (respondents here) on the giving of this undertaking. The taking of the property from the respondents was the immediate result of the giving of the undertaking. (*Roman* v. *Stratton*, 2 Bibb, 199.)

This rule of damages is manifestly just. As to the plaintiff being entitled to interest on the value, either as an absolute right or as damages which may be assessed by the jury, see *Kyle* v. *Lawrence Railroad Co.* (10 Richardson's L. R. [S. C.] 382) ; *Dana* v. *Fiedler* (2 Kern. 40).

It is objected that the complaint does not show that the property has not been returned to the plaintiff. If it had been returned, it was for the defendants to plead it in discharge. It having been taken and no judgment for a return, it must be presumed that it was kept.

II. The averments of the complaint in this case are sufficient. The complaint avers that the undertaking was that provided for in the one hundred and second section of the Practice Act, and that it was in the penal sum of five hundred dollars. The averment that the undertaking was in the penal sum of five hundred dollars and conditioned as provided in section one hundred and two, is equivalent to averring, that the undertaking was conditioned for the prosecution of the action, for the return of the property to the defendant, if a return be adjudged, and for the payment to him of such sum as may from any cause be recovered against the plaintiff. This section enters into and forms part of the averment. In *Nickerson* v. *Chatterton* (8 Cal. 570) this Court hold, that "The law under which an undertaking is given forms part of the undertaking." In *Matoon* v. *Eder* (6 Cal. 59) this Court say: "The principle is now familiar, that where parties contract in respect to a law, the law itself becomes a part of the contract and they are bound thereby."

COPE, J. delivered the opinion of the Court—FIELD, C. J. and NORTON, J. concurring.

This is a suit upon an undertaking executed by the defendants in pursuance of section one hundred and two of the Practice Act. The only description of the undertaking in the complaint is, that it corresponds with the provisions of that section, and it is objected that in this respect the complaint is defective. It is claimed that the material portions of the undertaking should have been set forth, either literally or according to their legal effect; and there is no doubt that the mode of statement adopted is not sanctioned by the rules of pleading. A reference to the statute can hardly be considered equivalent to a direct averment of the facts; but we are of opinion that the objection should have been taken by demurrer. The defect is rather of form than of substance, and in the absence of a demurrer we do not regard it as sufficient to reverse the judgment.

The undertaking was executed in an action of replevin, brought by one Gould against the present plaintiffs. A question is raised as to whether the value of the property can be recovered as damages, the counsel for the appellants insisting that the damages are to be measured by the judgment in the action of replevin. The undertaking is conditioned " for the prosecution of the action, for the return of the property to the defendants, if return thereof be adjudged, and for the payment to them of such sum as may for any cause be recovered against the plaintiffs." The action was dismissed for want of prosecution, and a judgment entered in favor of the defendants for costs, and the position taken is that the amount of this judgment constitutes the measure of the relief to be administered. There are several decisions of this Court holding that a defendant in replevin, in order to render the sureties upon the undertaking liable for the value of the property, must demand a return in the answer, and obtain a judgment directing it. In Chambers v. Waters (7 Cal. 390) the Court said: " In the case between Waters and Hill, if the latter intended to hold Waters and his sureties responsible upon the undertaking, either for a return of the property or its value, he should have claimed a return, and taken his judgment accordingly. Having failed to do this, the payment of the judgment, as taken, is a complete discharge," etc. There are other cases to the same effect; but in Gianaca v. Atwood

Speyer *v.* Ihmels.

(8 Cal. 446) where a nonsuit had been granted, it was held that section one hundred and seventy-seven of the Practice Act, upon which the previous decisions were based, did not apply. The section provides that " In an action for the recovery of specific personal property, if the property has not been delivered to the plaintiff, or the defendant, by his answer, claim a return thereof, the jury, if their verdict be in favor of the plaintiff, or if, being in favor of the defendant, they also find that he is entitled to a return thereof, shall find the value of the property, and may at the same time assess the damages, if any are claimed in the complaint or answer, which the prevailing party has sustained by reason of the taking or detention of such property." A dismissal stands upon the same footing as a nonsuit, leaving the parties to settle in an action upon the undertaking those matters which, if the original suit were prosecuted, it would be necessary to determine in the first instance. Such matters include, of course, the right of the defendant to a return of the property, and as the opportunity to obtain a judgment for its return is taken away by the failure to prosecute, he is entitled to compensation in damages. A failure to prosecute is a breach of the undertaking, and the legal and necessary result is that the sureties to the undertaking are liable for whatever injury the defendant has sustained. In this case it appears that a return of the property was not demanded in the replevin suit, but we think the defendants are not in a position to take advantage of this point. The suit was not tried, but abandoned and dismissed, and under the circumstances it is immaterial what the pleadings in the case were.

Judgment affirmed.