DAHLER, appellant, *v.* STEELE, respondent.

REPLEVIN—*property returned if action is dismissed.* A judgment for costs and the return of property is properly rendered against a party who dismisses his action for the recovery of the possession of the property, after he has obtained the same by means of the process of the court in the action.

DISMISSAL OF ACTION—*a final judgment.* The dismissal of an action is, in effect, a final judgment against the plaintiff, although he has the right to bring a new action for the same subject-matter.

*Appeal from the Third District, Lewis and Clarke County.*

DAHLER commenced this action on February 1, 1870, in the district court, against Steele, who was then the sheriff of Lewis and Clarke county, to recover the possession of certain personal property valued at $4,750, and also $500 damages for its wrongful detention. The affidavit and undertaking required by law were filed, to enable the officer to take the property from Steele. After the defendant had demurred to the complaint, the plaintiff issued the following order to the clerk of the court: "The clerk will please dismiss the above cause at the costs of the plaintiff."

After the court had taken the matter of dismissal under advisement, the plaintiff filed the following motion:

"Now comes the above plaintiff by his attorneys, Woolfolk & Toole, and moves the court to order the same dismissed."     *     *     *

The court, SYMES, J., then ordered the cause to be dismissed at the plaintiff's costs, and that the property in controversy be returned to the defendant by the plaintiff. The defendant excepted to the order requiring the return of the property.

WOOLFOLK & TOOLE, for appellant.

The appellant had a right to dismiss his suit at any time, before trial, on paying costs, there being no counter-claim. The court had no power or jurisdiction, after the precipe for dismissal had been filed with the clerk, to retain appellant in court against his will, and adjudicate upon his rights. Civil Prac. Act, § 148; *Hancock D. Co.* v. *Bradford,* 13 Cal. 637; *Brown* v. *Harter,* 18 id. 77; *Reed* v. *Calderwood,* 22 id. 463; *Dimick* v. *Deringer,* 32 id. 488.

The court erred in making the order for the return of the property, upon a dismissal of his suit by appellant. This should be determined in an action upon the replevin bond. Civil Prac. Act, § 102; *Mills* v. *Gleason,* 21 Cal. 274.

CHUMASERO & CHADWICK, for respondent.

The complaint does not state facts sufficient to constitute a cause of action. It should allege a right of possession, and the facts which entitle the appellant to the possession. It should allege the ownership of appellant, or his special property, if he has such. *Pattison* v. *Adams,* 7 Hill, 126.

A party cannot commence an action of replevin, and, after having thereby obtained possession of the property, discontinue his action, without placing the defendant *in statu quo;* and, in said case, the defendant is entitled to a return of the property. *Wilson* v. *Wheeler,* 6 How. Pr. 50; Morris on Replevin, 114; Voorhies' Code, 390, note *g;* 1 Whit. Pr. 248.

The whole proceedings in this case were radically defective from the commencement, and a fraudulent advantage

has been acquired under color of law. The court below properly decided that this advantage could not be retained.

KNOWLES, J.   The appellant, Dahler, brought an action to recover the possession of certain personal property from the defendant, Steele.   There is nothing in the record which shows that Dahler ever obtained possession of this property. The cause, however, was argued by counsel as though this was the fact, and, as every presumption of this court must be in favor of the ruling of the court below, it will be considered that such was the case.   The appellant must present record enough to clearly show error.   If such was not the case, it devolved upon him to show it.   The appellant, after he had acquired possession of this property by means of the process of the court, moved the court to dismiss the action at his costs.   This was granted, and, on application of the attorneys for respondent, an order was entered that the appellant return this property to the respondent.   The ruling of the court below, in awarding this order to respondent, is assigned as error.

The means afforded the plaintiff by the Code of obtaining possession of personal property pending an action therefor, is as much an auxiliary remedy as arrest, attachment or injunction.   When the original remedy fails, the auxiliary remedy involved in aid thereof becomes extinct.   It is true a party may dismiss a cause upon the payment of costs. The necessary result, however, of this must follow.   All remedies invoked in aid of it must go with it.

It is the object of courts when a cause is dismissed, as far as they can, to put the defendant in the same condition he was before suit.   Hence, his costs are awarded him.   If he has been arrested, he is released.   If an injunction has been awarded, it is dissolved, and he permitted to perform the acts, from the doing of which he was restrained.   See *Dowling et al.* v. *Palack et al.,* 18 Cal. 625.   If an attachment has issued, the defendant is entitled to a return upon making a demand of the officer.   Drake on Attach., §§ 285, 381–383.

Undoubtedly, the only reason why the defendant is not awarded a judgment, for the return of his property in attachment cases, is, because the officer is not a party to the action. It would seem that, in an action to recover the possession of personal property, something more than costs ought to be awarded. The plaintiff has obtained the possession of the defendant's property, by means of a remedy which, by the dismissal of the original action, becomes extinct. He is a party to the action, and if the rule is to be followed that the defendant is in such cases to be put in as good a condition as he was before the suit, if within the power of the court, I cannot see why a return of the property should not be awarded. If the court can prevent it, a plaintiff ought not, in such a way, to be permitted to recover any advantage.

The dismissal of this action was in effect a final judgment against the plaintiff therein. As between the parties thereto, as far as it is concerned, it stands as though all the issues offered in the complaint had been found for the defendant, although it may not affect their right to bring a new action, involving the same subject-matter. See *Leese* v. *Sherwood*, 21 Cal. 151, and *Dowling et al.* v. *Palack et al.*, 18 id. 625.

If this cause had been tried and all the issues found for the defendant, there would be no doubt but that the defendant would be entitled to a judgment for a return of the property. Yet, as we have seen, this was the very effect, as far as this action was concerned, of the dismissal on the part of the plaintiff. In all such cases, I think, the judgment of the court ought to be, that the defendant have judgment for costs, and for a return of the property, if asked.

The judgment of the court below is therefore affirmed, with costs.

*Exceptions overruled.*