GEORGE A. MEIGS *vs.* PHILIP KEACH, D. G. THAYER AND JOHN SWAN.

Jurisdiction of the Court over the person of a defendant cannot be questioned after appearance and pleading to the merits.

When a plaintiff brings suit in replevin, gives bond, obtains possession of the property, and by the defendant giving bond, retakes the same, after which the plaintiff discontinues the replevin suit, *Held*, That the plaintiff is not estopped from bringing suit for damages, for breach of the replevin bond. *Held*, Also, that a complaint, alleging the above proceedings, a discontinuance of the suit, and damages, by reason of the taking of the property, states facts sufficient to constitute a cause of action.

Case of *Boyer vs. Fowler*, decided in this Court, commented upon.

Error to Third Judicial District.

*J. J. McGilvra* and *George McConaha*, for plaintiff in error.

*O. B. McFadden* and *Frank Clark*, for defendants in error.

Opinion by GREENE, Justice.

Between Philip Keach, one of the defendants in error, and George A. Meigs, the plaintiff in error, arose a dispute as to the right to possession of a certain raft of logs held by Meigs and claimed by Keach.

In course of the controversy, and in the month of January,

1869, Keach commenced an action against Meigs, to recover possession of the property, and therein obtained possession, by the sheriff, of the logs, upon giving bond with sureties, according to statute, for the prosecution of his action, the return of the property in dispute, if return should be adjudged, and for the payment to Meigs of such sum as might for any cause be recovered against himself. Meigs then, on his part, gave bond according to statute, and obtained a return of the property. Before trial, Keach discontinued his action and paid the costs. Subsequently, in the Court below, Meigs brought the suit, now removed here on error, against Keach and Keach's sureties, alleging in the complaint facts substantially given above, and in addition thereto, a breach of the former bond by failure to prosecute, and damages. The defendants below appeared and answered. After answering, they moved to dismiss the action on the following grounds, viz:

1.    The Court has "not jurisdiction of the person of the defendants or the subject matter of the suit, because said defendants reside in and were served with notice in a county not embraced in this district."

2.    "The complaint does not state facts sufficient to constitute a cause of action, in this: The action is upon a replevin bond given in a particular suit, in which suit plaintiff failed to appear or to make claim to damages, and is now estopped in asserting the same in this suit."

The motion thus made was sustained, and the action dismissed; and the adjudication of the Court below in the premises is here assigned for error.

The first ground on which the motion was based, the supposed lack of jurisdiction, has not been argued in this Court, and seems to have been deserted by counsel. In fact, it would have been a waste of argument to have attempted to show, that after a full appearance in the Court below, that Court's jurisdiction could be objected to for the cause alleged. Suppose the service of process invalid, then by their appearance and answer defendants were estopped from denying jurisdiction.

The second ground of the motion has been fully argued.

But even upon that ground the motion was not well founded. It is settled law, that where, in an action for the recovery of personal property, a statutory bond is given by the plaintiff, to prosecute, and the plaintiff discontinues, even with consent of defendant, and *a fortiori* if without defendant's consent, the defendant can sue upon the bond and recover for breach. *Mills vs. Gleason,* 21 Cal., 274; *Hull vs. Smith,* 10 Iowa, (2 Withrow) 45. And see *Ginaca vs. Atwood,* 8 Cal., 448.

The plaintiff below declared upon a bond, against the obligors therein, and averred a breach and damages. The complaint is not insufficient in any respect pointed out or alluded to in the record, or in the briefs or arguments of counsel. It is not necessary for this Court, in order to decide this case, to pass upon what is the proper measure of damages, in an action on a replevin bond. The case of *Boyer vs. Fowler, et al.,* (*infra*) has been cited by defendants in error as decisive of the case at bar. A remark of the learned Judge who delivered the opinion of the Court in the case of *Boyer vs. Fowler, et al.,* may seem irreconcilable with a portion of the opinion we express, but that case was virtually decided upon grounds peculiar to itself, and the remark alluded to, if intended to convey the meaning imputed to it by counsel, was both unnecessary to a decision of that case, and not so well considered as the remainder of that able opinion.

Tho judgment of the Court below must be reversed and the cause remanded, with costs against defendant in error.