FRED JOHNSON, *as Sheriff*, v. SELL BOEHME.

**No. 12,839.**   (71 Pac. 243.)

SYLLABUS BY THE COURT.

1. TROVER AND CONVERSION — *By Defendant in Replevin.* In an action in replevin a defendant recovered his costs, but took no judgment for the return of his property, or the value thereof if a return could not be had. The property was never returned to him. *Held,* that he could maintain an action against the sheriff to recover the value of the property so taken.

2. ——— *Replevin Judgment not Res Judicata.* The right of a defendant to have a judgment rendered in his favor in the alternative for the return of the replevied property, or, in case a return cannot be had, for its value, is not an exclusive, but a new, remedy, and, if he does not avail himself of it in the original proceeding, he may yet maintain his separate action to accomplish the same result.

Error from Stafford district court; ANSEL R. CLARK, judge.   Opinion filed January 10, 1903.   Affirmed.

*Prigg & Williams,* for plaintiff in error.

*Frank L. Martin,* and *George A. Vandeveer,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : An action in replevin was brought in which thirty head of cattle belonging to the defendant in error, Boehme, were taken by the sheriff, the plaintiff in error.   Boehme was not a party to that action.   He, however, employed attorneys to defend in the name of the defendant in that action, such defendant being Boehme's agisting bailee.   In that action Boehme's bailee recovered his costs, but no judgment was entered awarding the possession of the cattle to him or ascertaining their value, and awarding judgment for the same in case a return of the

cattle could not be had.   There is, however, no claim whatever made that the cattle were not Boehme's and were not wrongfully taken by the sheriff in the replevin action.   The cattle were turned over by the sheriff to the plaintiff in the replevin action, and never redelivered either to Boehme or his bailee, from whose possession they were taken.   The present action was brought by Boehme against the sheriff to recover the value of the cattle and for damages occasioned by the alleged wrongful and oppressive conduct of the sheriff in taking them from the possession of the bailee.   The petition contained a history of the original case, and upon the trial copies of all papers in that case and the journal entry of the judgment therein were introduced, and also evidence *pro* and *con* upon the question whether the cattle belonged to Boehme and whether the plaintiff in the original replevin action had any claim on them.

It was claimed in the court below, and the claim is now made here, that, inasmuch as Boehme, although not a party to the original replevin proceeding, litigated, in the name of the agisting bailee, the right of the plaintiff in that action to the possession of the cattle, and, content to stop with a judgment for costs in his behalf, did not insist upon an order in the alternative for the return of the cattle, or judgment for their value if a return could not be had, he cannot now maintain this action for the recovery of their value, the former judgment being *res judicata* upon that question, as it might have been passed upon, although it was not.   This question was raised in various ways by the plaintiff in error in the court below, and is the only meritorious one in the case.   The court below took the opposite view and gave judgment for the plaintiff, to reverse which the defendant is now here.

Section 185 of the code (Gen. Stat. 1901, § 4619) provides that, in actions in replevin, if the property has been delivered to the plaintiff and defendant claims a return thereof, judgment may be had for a return of the property, or the value thereof in case a return cannot be had. Admitting, for the sake of the argument, that Boehme, by reason of the fact that he employed attorneys to defend his bailee, is bound by the judgment the same as though he had been a party to the action, the question is, Must a party defendant in a replevin action, where the taking is adjudged unlawful, procure judgment to be entered in the alternative in his behalf as provided in this section, or in default thereof be forever remediless? In other words, is this matter *res judicata*, upon the theory that what might have been determined, but was not, must be held to have been waived or determined against the defendant?

It will be noted that the language of the statute is permissive only. Judgment *may* be had. We think this leaves the matter entirely optional with the defendant as to whether he will take this additional order and judgment or leave it to the result of some subsequent action. The right to have value fixed was not given to the failing, but to the prevailing, party, and was in his interest. He may be prepared to go into this question in the replevin action, or he may not. He has had his property wrongfully taken from him. It scarcely lies in the mouth of a wrong-doer, when sued in a subsequent action, to say that the plaintiff did not take all of the relief to which he was entitled in the former case.

At common law an action in replevin tested only the right of possession of the replevied property at the time of the commencement of the action, and pro-

vided no method whereby the defendant might have judgment for the value of his property in case the adjudged return thereof could not be had, but left the successful defendant to another action in another form to procure such relief.  ''In our action of replevin the judgment is in the alternative.  This was not so in a common-law action of replevin.''  (*Wilson v. Fuller*, 9 Kan. 176, 191.)  But under our statute, as is the case under most statutes of replevin, an additional or cumulative remedy to that found in the common law has been provided, and now the defendant may have judgment not only for his costs and for a return of his wrongfully detained property, but, if he choose, also, in the alternative, for the value of such property. This is a new remedy given him, and it is well established that in such cases the one on whom such new remedy is conferred may elect which course he will pursue.   He need not avail himself of the new unless he chooses so to do, and, if he does not, he is not estopped from pursuing the old.  ( 7 Encyc. Pl. & Pr. 373.)

Section 184 of the code provides that in case the replevied property has been delivered to the plaintiff and he failed to prosecute his action to final judgment, the defendant may proceed to inquire into the right of property and right of possession.   In the case of *Manning v. Manning*, 26 Kan. 98, the plaintiff, having so obtained the property, dismissed the action, but the defendant did not exercise the right given under this and the following section of having the right of property and its value determined ; yet this court there ruled :

''While the defendant in a replevin action has a right, notwithstanding dismissal by the plaintiff, to an inquiry and adjudication in that action of his claims to and interest in the property replevied, and in case he avails himself of this right can collect no

more from the sureties on plaintiff's bond than is awarded by such adjudication, yet this is not his only remedy, for after a voluntary dismissal by the plaintiff he may commence an independent action on the bond, and recover therein all his damages sustained by the taking of the property, including therein, if the title be in him, the value of such property.''

The court stated in the body of the opinion that while the defendant, after the dismissal by the plaintiff, had a right to insist upon a trial and judgment in his favor, notwithstanding the dismissal, and in such trial his rights would be determined, yet, if he did not seek such trial and judgment in that action he would not be precluded from seeking his remedy against the attaching plaintiff.

In *Bank v. Morse*, 60 Kan. 526, 57 Pac. 115, it was held that, as against a bondsman in a replevin action, where the suit had been tried out and judgment rendered in favor of the defendant for his costs only, an action on the bond could not be maintained, because the condition therein was that the plaintiff should duly prosecute the action, pay all costs and damages assessed against him, and return the property if a return should be adjudged. This, however, in no sense is a holding that an action could not be maintained against the wrong-doer himself. The view that he may maintain such action is sustained by section 1159 of Cobbey on Replevin, second edition; *Schley v. Hale*, 1 Tex. App. Civ. Cas. § 931; *Moore v. Gammel*, 13 Tex. 120; and we think the trial court was correct in so holding. The judgment will be affirmed.

All the Justices concurring.