FERGUS MOTOR CO., Respondent, *v.* SCHOTT et al., Appellants.

(No. 7,103.)

(Submitted October 5, 1933. Decided October 28, 1933.)

[26 Pac. (2d) 365.]

*Messrs. Belden & DeKalb,* for Appellants, submitted a brief; *Mr. O. W. Belden* argued the cause orally.

*Mr. Wm. M. Blackford,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Appeal from a judgment in favor of the plaintiff, Fergus Motor Company, a corporation, and against the defendants, Royal Schott, as principal, and Lee R. Davis and Bert H. Benson, as sureties on an undertaking on claim and delivery.

On June 7, 1927, this plaintiff secured the assignment to it of a conditional sales contract from the Jones Motor Company, of Lewistown, to one Rudolph Schott, and then commenced an action in debt against Schott, and caused the sheriff, Guy

Tullock, to seize the automobile described in the sales contract, by virtue of a writ of attachment issued in the action.

On June 28, 1927, Royal Schott, claiming to be the owner of the car, commenced an action against Tullock, as sheriff, for its possession, alleging its value to be $650, and for $185 as damages for the detention of the car, and $150 for expenses incurred in an effort to secure its return. At the same time Schott filed an affidavit of claim and delivery and the usual statutory undertaking therefor, on which he secured the possession of the car. The undertaking bound the principal and sureties in the penal sum of $1,300, or double the value of the car, "for the prosecution of the action, for the return of the property to the defendant, if return thereof be adjudged by the said court, and for the payment  *  *  *  of such sum as may from any cause be recovered against said plaintiff."

On August 9, 1927, the balance due on the sales contract, $181.35, was paid to the Fergus Motor Company, and it issued a receipt therefor to Rudolph Schott, and thereafter Royal Schott filed an amended complaint in his action against the sheriff. The amended complaint alleges that Rudolph Schott had not been the owner of the car "for some time" prior to the seizure, but that Royal Schott was in fact the owner thereof and in possession at the time of the seizure, and that the seizure was "wrongful."

Answering the amended complaint, the sheriff alleged that he had no knowledge or information concerning the allegation respecting the ownership of Rudolph Schott; denied ownership in Royal Schott, denied that the seizure was wrongful, and denied generally other allegations. His prayer for relief is merely that he be "hence dismissed with his costs."

The case was not tried until March, 1931. At the close of the plaintiff's case the defendant moved for a nonsuit, which motion was granted and judgment entered on the ground that "the plaintiff failed to prove a sufficient case for the jury." The judgment amounts merely to a judgment of dismissal, with costs taxed at $25.40.

Thereafter the sheriff assigned his judgment and the undertaking on claim and delivery to the Fergus Motor Company, the plaintiff in the original action in which the writ of attachment was issued and for whose benefit the car was seized, and the company commenced this action on the undertaking, and against the principal and sureties thereon.

The complaint herein alleges that, on the disposition of the action against the sheriff and "under the conditions of" the undertaking and judgment, the sheriff was entitled to the return to him of the car; that demand therefor was made upon these defendants and for the payment of the costs taxed, but that they failed and refused to return the car and pay the sum of $25.40.

Benson defaulted and his default was duly entered; Schott and Davis demurred to the complaint, which demurrer was overruled, and then answered, admitting all of the allegations of the complaint, except as to the conclusion that the sheriff was entitled to the return of the car under the conditions of the undertaking. Further answering, these defendants allege that by reason of lapse of time and use the car is not worth to exceed $100, and that, by dealing with Rudolph Schott and receipting for the balance due on the sales contract, the plaintiff is estopped from asserting any rights under the writ of attachment, and further that the plaintiff, its agents and officers, knew that Royal Schott was the equitable owner of the car and that by receiving full payment due under the contract, the motor company released all claim under the attachment, and its conduct constitutes an equitable bar to the prosecution of this action.

It is further alleged that, after the release, by receiving full payment on the car, the action against the sheriff was prosecuted only for the purpose of securing damages for the unlawful detention of the car, and that the judgment in that action did not go to the merits and does not deprive these defendants from now having the facts determined on the merits.

All affirmative allegations were put in issue by reply, and the case proceeded to trial before the court and a jury duly im-

paneled. At the outset, the defendants objected to the introduction of any evidence on the ground that the complaint does not state a cause of action, which objection was overruled, and the plaintiff proceeded to introduce its evidence. The proof consists merely of the introduction in evidence of the judgment-roll in the case of *Schott* v. *Tullock, Sheriff*, and proof that at the time the car was taken from the sheriff by the coroner and delivered to Royal Schott by virtue of the proceeding on claim and delivery, it had a value of $650. The plaintiff rested its case, and the defendants moved for nonsuit on the ground that neither by pleading nor proof had the plaintiff shown a cause of action; this motion was overruled and the defendants rested their case without the introduction of any evidence, and thereupon moved the court for a directed verdict. By agreement the jury was discharged and the matter submitted to the court on briefs. Thereafter the court rendered and caused to be entered its judgment in favor of the plaintiff and against all of the defendants for the value of the car, determined to be $650, and the costs taxed in the former action, without interest.

The first contention on which the defendants based their demurrer and objection to the introduction of testimony, and in the district court asserted, and assert here, that neither by pleading nor proof did the plaintiff establish a cause of action, is that the judgment in the action of Schott against Tullock was "final and conclusive as to the liability of principal and sureties," and that, as that judgment did not award the return of the car to the sheriff, the obligation of the undertaking is met if the costs awarded are paid, but that that award is insufficient to vest the court with jurisdiction of the case.

While this court, in common with courts in many jurisdictions, has referred to actions such as that instituted by Schott against Tullock, as "actions of claim and delivery," or actions on claim and delivery, there is in fact no such "action" authorized by the Codes. The action instituted by Schott was merely an action to recover the possession of personal property claimed by him; the Code merely provides that in such

an action, while otherwise it might well proceed to judgment in like manner with any other civil action, "the plaintiff * * * may * * * claim the delivery of such property to him" (sec. 9220, Rev. Codes 1921), by filing his affidavit, requisition upon the sheriff, and undertaking in claim and delivery. (Secs. 9221, 9222 and 9223, Id.)

Thus the Code gives to a plaintiff, claiming that he has been unjustly deprived of the possession of property to which he is entitled, an auxiliary remedy very similar to that of attachment in an action on contract for the direct payment of money, or injunction *pendente lite,* for the protection of the property in dispute until the rights of the parties have been determined by the court. (*Faulkner* v. *First Nat. Bank,* 130 Cal. 258, 62 Pac. 463.)

The possession acquired by compliance with the provisions respecting "claim and delivery" of personal property is not the possession for which the plaintiff prays in his action "to recover possession of personal property," but is a qualified right of possession akin to that of the sheriff who has seized property under a valid writ of attachment; his possession is rightful so long as the action, in aid of which he invoked this auxiliary remedy, is pending. If he is successful in his recovery action, his temporary possession ripens by virtue of the judgment into permanent possession, or, the court having found that he is entitled to possession, he is saved the trouble of securing it, as the property is already in his possession.

In the absence of legislation on the subject, the action for the recovery of the property would proceed without regard to the auxiliary proceeding by which the plaintiff secures possession of the property pending the outcome of the action, just as an action on debt proceeds without regard to an attachment issued in its aid. As in a case in which property has been seized on attachment, judgment for the defendant releases the attached property and it must be returned to the owner, on demand, so in this class of cases "the return of the property and the award of costs follow as incidents of plaintiff's failure

to establish his case." (*Barrett* v. *Shipley*, 63 Mont. 152, 206 Pac. 430, 432.)

However, in order to simplify procedure and avoid a multiplicity ·of suits, our legislature has provided that "if the * * * defendant, by his answer, claim a return" of the property, the jury must make a finding on the subject (sec. 9363, Rev. Codes 1921), and if the defendant make this claim, the judgment may be for a return of the .property, or in case a return cannot be had, for its value. (Sec. 9406,·Id.)

Now, because it is necessary that such demand be made in the action, but only because of the statute, if the defendant does not include such a demand· in his answer, the judgment cannot award the defendant the return of the property; the court is without jurisdiction to render such a judgment. (*Hayes* v. *Moffatt*, 83 Mont. 185, 271 Pac. 452.) This decision does not declare, nor intimate, that when the defendant fails to pray for the return of the property and, consequently, the judgment does not order such return, the defendant is barred from further relief.

They .have this provision in Kansas, and in such a case as this, the supreme court of that state has held that the statutes are permissive only, calling attention to the use of the word "may" therein, and declared that this remedy is not an exclusive but a new remedy, and, in case the defendant does not avail himself of it, he may yet maintain his separate action to accomplish the same result. (*Johnson, Sheriff,* v. *Boehme,* 66 Kan. 72, 71 Pac. 243, 97 Am. St. Rep. 357.) The court cites *Manning* v. *Manning,* 26 Kan. 98, wherein the plaintiff, having secured possession of the property, dismissed his action for its possession; the court held that, notwithstanding the dismissal, the defendant had the right to an inquiry and adjudication as to his interest in the property, and that, if he avails himself of his right, he can collect from the sureties no more than is awarded him on the adjudication, but if he does not, he is not precluded from maintaining an independent action on the undertaking.

The decisions in *Ihrig* v. *Bussell,* 68 Wash. 70, 122 Pac. 608, L. R. A. 1917A, 1188, and *Mitchum* v. *Stanton,* 49 Cal. 302, relied upon by the defendants, are in line with the decision in *Bank* v. *Morse,* 60 Kan. 526, 57 Pac. 115, cited and differentiated in the foregoing Kansas opinion, to the effect that, where the claim for a return of the property is set up and tried out, yet the defendant fails to secure judgment for a return, the conditions of the undertaking are not breached and a recovery against the sureties cannot be had in a subsequent action. In the *Ihrig Case,* the issue was raised and fully tried out; counsel for the defendant drew a judgment, but on signing it the court struck out the provision for return. In the *Mitchum Case,* a justice court, through ignorance, omitted to include the provision in the judgment.

While there may be decisions to the contrary, the authorities seem to be pretty well in accord with the decision in the *Manning Case,* cited above, that if the plaintiff in an action for the possession of personal property secures temporary possession through the remedy of "claim and delivery" and then dismisses his action, the undertaking is breached and the defendant may, notwithstanding the dismissal, have his rights heard and determined by a judgment, or may proceed against the principal and sureties, as for failure to prosecute the action. The court of appeals of Kentucky approved this rule in *Kentucky Land & Immigration Co.* v. *Crabtree,* 118 Ky. 395, 80 S. W. 1161, and in a note to this case (4 Ann. Cas. 1135) it is stated that a majority of the cases have adopted this rule. However, the Kentucky court later drew a distinction between a case wherein the *defendant* secured a dismissal for want of prosecution, and the above cited case. (*Howard* v. *Wyatt,* 145 Ky. 424, 140 S. W. 655.) We see no justification for such a distinction; a dismissal is a dismissal, and not a prosecution of the action, whether voluntary or involuntary, and this court has said in this connection that when an action is dismissed for any cause, all remedies in aid of it must go with it. (*Dahler* v. *Steele,* 1 Mont. 206.)

A judgment of dismissal carries with it a judgment for ▮ costs, such as was here entered, just as much as does a judgment on the merits (sec. 9321, Rev. Codes 1921), and such a judgment does not prevent a new action for the same cause of action "unless it expressly declares, or it appears by the judgment-roll, that it is rendered upon its merits." (Sec. 9320, Id.)

Herein the judgment and judgment-roll merely disclose that the court granted a nonsuit against the plaintiff in the action of *Schott* v. *Tullock, Sheriff,* "on the ground that said plaintiff failed to prove a sufficient case for the jury." We are not advised as to the nature of that failure. The judgment was not on the merits and did not prevent the parties from litigating the issues presented in that case in a new action.

But, in so far as the right of the plaintiff to continue in ▮ possession of the automobile under the auxiliary remedy of claim and delivery is concerned, that right ceased the moment his case, in aid of which he was given the temporary possession of the car, was dismissed; as to his temporary possession, the dismissal of his action "was in effect a final judgment against the plaintiff therein. As between the parties thereto, as far as it is concerned, it stands as though all the issues offered in the complaint had been found for the defendant, although it may not affect their right to bring a new action, involving the same subject-matter. * * * If this cause had been tried and all the issues found for the defendant, there would be no doubt but that the defendant would be entitled to a judgment for a return of the property. Yet, as we have seen, this was the very effect, as far as this action was concerned, of the dismissal on the part of the plaintiff. In all such cases * * * the judgment of the court ought to be, that the defendant have judgment for costs, and for a return of the property, if asked." (*Dahler* v. *Steele,* above.)

A nonsuit for failure to prove plaintiff's case stands on the same footing as a dismissal. (*Mills* v. *Gleason,* 21 Cal. 274.) In other words, carrying the analogy heretofore employed a little further, when in this class of cases the plaintiff fails, for

any cause, to secure judgment in his favor, it is his duty, at least on demand, to restore that which he has secured in aid of his defunct action, just as it is the duty of the sheriff to restore property seized on attachment, when the action, in aid of which the writ of attachment was issued, fails.

Section 6759, Compiled Statutes of Idaho, is identical, as ▓ to the conditions of the undertaking in such a case as this, with our section 9223, above, and thereunder the supreme court of Idaho holds that the phrase ''for the prosecution of the action'' is equivalent to the phrase discussed in Cobbey on Replevin, second edition, section 1253, page 709, i. e., ''to prosecute [the action] with effect,'' and means ''that the plaintiff will prosecute his suit to a final conclusion successfully, and if for any cause he fails in the final result, or if he suffers a nonsuit or dismissal, the condition is broken, and an action will lie for the full penalty of the bond.'' The court declares, with Cobbey, that it is not necessary that a judgment for return be entered in the action, as the failure to prosecute is the breach of the obligation. (*Hoebel* v. *Utah-Idaho Livestock Loan Co.*, 39 Idaho, 294, 227 Pac. 1048, 1049.) The weight of authority supports this rule. (23 R. C. L. 916.)

Of course where, as here, the claim and delivery undertaking ▓ must be for double the value of the property taken, the foregoing declaration that the action will lie ''for the full penalty of the bond'' must be taken to mean that the party suing on the undertaking may recover the damages he is able to prove up to the full penalty of the bond, and, where no other damages are asked, the full recovery will be for the value of the property at the time it was taken, with costs, regardless of whether or not a return of the property has theretofore been adjudged. (*Cox* v. *Sargent*, 10 Colo. App. 1, 50 Pac. 201; *Eisenhart* v. *McGarry*, 15 Colo. App. 1, 61 Pac. 56; *Keenan* v. *Washington Liquor Co.*, 8 Idaho, 383, 69 Pac. 112.)

If the facts are, as they seem to be from the record, that ▓ this plaintiff merely took an assignment, originally, of the sales contract under which Rudolph Schott held the automobile, in order to perfect the attachment of the car on an independent

indebtedness, as provided in section 9291, Revised Codes 1921, no estoppel arises in this case by reason of its dealings with Rudolph Schott.

Finally, it is contended that the complaint is fatally defective in that it fails to allege the outcome of the suit of this plaintiff against Rudolph Schott, and that, if a judgment was obtained, it has not been satisfied. In answer to this contention, the plaintiff relies upon the rule that it is not necessary to allege matters of defense, but, if alleged, the pleading is bad unless it contains other averments which avoid such defense. (49 C. J. 151.)

As the complaint is silent as to the facts antedating the invocation of the auxiliary remedy of claim and delivery, plaintiff's position might be well taken, were it not for the allegation that the action in which that remedy was invoked was against, and the undertaking was given to, "Guy Tullock, as sheriff of Fergus county." This allegation gives rise to the presumption that the sheriff held the automobile by virtue of some process and had but a qualified interest therein. The necessary proof adduced included the complaint in the action against the sheriff, and this proof disclosed the sheriff's exact interest.

Of course, it is not necessary to allege any fact, in this connection, which the pleader would not be required to prove, and it is well established that, in a suit instituted on the undertaking by an individual from whom property has been taken, the plaintiff makes a prima facie case by the introduction of the proceedings in the possession action, the undertaking, proof of its dismissal and of the value of the property at the time it was taken. (*Lapp* v. *Ritter*, (C. C.) 88 Fed. 108; *Hoebel* v. *Utah-Idaho Livestock Loan Co.*, above; *Mills* v. *Gleason*, above; *Cox* v. *Sargent*, above.)

It has been held that, when property has been taken from one having a special interest therein but by a stranger to the title, in such an action as this the special owner may recover the entire value of the property, being held answerable over to the general owner for whatever remains after the special interest is satisfied. (*Enfield* v. *Stewart*, 24 N. M. 472, 174 Pac. 428,

2 A. L. R. 196; *Dilworth* v. *McKelvy,* 30 Mo. 149.) This rule is applied by this court in an action in conversion. (*Angell* v. *Lewiston State Bank,* 72 Mont. 345, 232 Pac. 90.) It and the last preceding rule might be applicable here, had Guy Tullock "as sheriff" brought this action on the undertaking. In such an action it is apparent that the sheriff has a special interest in the property, not only for the satisfaction of any judgment which the attaching creditor may recover, but for the protection of the real owner of the property. If the defendant in the action in which the levy was made, recovers judgment, it is the duty of the sheriff to return the attached property, or the proceeds therefrom, to the defendant or his agent. (Sec. 9279, Rev. Codes 1921.) This duty would also be imposed upon the sheriff if judgment was recovered by the plaintiff but was satisfied otherwise than by the application of the property or the value thereof. It is the duty of the sheriff, therefore, in any event, safely to keep and account for property which he has seized by virtue of a writ of attachment.

These *obiter dicta* are, we realize, contrary to the holding in *Knott* v. *Sherman,* 7 S. D. 522, 64 N. W. 542, based solely on the decision of this court in *Parrott* v. *Scott,* 6 Mont. 340, 12 Pac. 763, as that decision is the only authority supporting the text in Cobbey on Replevin, section 1277. We apprehend, however, that the supreme court of South Dakota failed to grasp the fundamental reason for the decision in the *Parrott Case.*

Where, as here and in the *Parrott Case,* the plaintiff is the party who caused the sheriff to seize the property, the plaintiff is not entitled to the possession of the attached property in any event, but merely to have the proceeds therefrom applied to the satisfaction of any judgment he may secure in the action in which the writ was issued, and his right to recover on the undertaking in claim and delivery rests upon his ability to prove that he was damaged by the taking of the property from the sheriff. In such an action the plaintiff must allege that in his former action he secured a judgment to the satisfaction of which the proceeds of the attached property should be applied. If he secured no judgment, or, securing it, it was satisfied without

the application, he has not been damaged. If judgment is secured in the former action, the measure of damages in the action on the undertaking is the amount due in satisfaction of the judgment at the time of trial, up to the full value of the property at the time it was taken from the sheriff. The fact that the sheriff assigned the undertaking to this plaintiff does not alter its position, as it could have sued upon it without such assignment. (*Parrott* v. *Scott*, above.)

It is apparent, therefore, that for this plaintiff to state a cause of action on the undertaking and to be entitled to the entry of judgment, it was necessary to allege the recovery of judgment in its favor in the suit against Rudolph Schott, that the judgment had not been satisfied, and, on the trial, to prove the amount then due on the judgment.

The complaint herein does not state facts sufficient to constitute a cause of action, and, if this point is passed, the evidence is insufficient to sustain the judgment.

The judgment is reversed and the cause remanded to the district court of Fergus county, with directions to sustain the demurrer to the complaint and to grant the plaintiff a reasonable time within which to amend, if it desires to do so.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN and STEWART concur.

MR. JUSTICE ANDERSON, being disqualified, takes no part in the above decision.

Rehearing denied November 18, 1933.